DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Fulton County Court of Common Pleas which, on June 21, 2004, granted, in part, the motion for summary judgment filed by appellee, Veronica Waidelich, against appellant, Amy Bennett, and denied appellant's motion for declaratory judgment against appellee. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On March 31, 2001, appellant was injured in an automobile accident while a passenger in a vehicle operated by Nathan Waidelich. Nathan, appellee's 19 year-old son, was driving a 1999 Jeep Wrangler, which he owned, and for which he had liability insurance of $100,000 per person, through State Farm Insurance Company. Appellant settled with Nathan for the full amount of his policy limits and he was dismissed from this cause of action. Appellant had also sued a number of insurance companies, but each have already been dismissed and are not a subject of this appeal.
 {¶ 3} Appellant's claims against appellee, however, remained pending. Appellant sued appellee on the basis of contributory negligence, arising as a result of appellee permitting her underage son to consume alcohol in her home, failing to properly supervise or exercise reasonable control of him, and entrusting him with a dangerous instrumentality, his vehicle, when she should have known that he was intoxicated.
 {¶ 4} At the time of the accident, appellee had a homeowner's insurance policy with State Farm Fire and Casualty Company ("State Farm"), including general liability coverage up to $300,000 per occurrence. State Farm denied coverage for appellant's claims on the basis of the homeowner's policy language. Appellant and appellee both filed for summary judgment. Appellant sought a declaration that appellee's homeowner's policy with State Farm provided coverage for appellee's alleged negligence. Appellee, on the other hand, argued that she was not liable for damages arising from providing her son alcohol, as such is statutorily permissible, that she could not have negligently entrusted him with a vehicle she did not own, that she was not responsible for supervising her adult child, and that, in any event, her homeowner's policy with State Farm did not provide coverage for her alleged negligence.
 {¶ 5} On June 21, 2004, the trial court held that a question of fact existed regarding whether appellee negligently entrusted her son with the Jeep, after he consumed alcohol, and held that any finding of negligence on appellee's behalf was a matter to be determined by a jury. Nevertheless, the trial court found that appellee's allegedly negligent acts were so inextricably intertwined with those of her son's, that the exclusions in appellee's homeowner's policy precluded coverage for her alleged negligence. The trial court found no just reason for delay.
 {¶ 6} On appeal, appellant raises the following assignments of error:
 {¶ 7} "1. The trial court erred as a matter of law in holding that State Farm's policy language excludes liability coverage for defendant Veronica Waidelich's nonvehicle related negligence.
 {¶ 8} "2. The trial court erred as a matter of law in holding that State Farm's policy language is unambiguous."
 {¶ 9} In reviewing a motion for summary judgment, an appellate court must apply the same standard of law as the trial court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. As such, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). This review is done by an appellate court de novo, Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, and requires the court to independently examine the evidence to determine, without deference to the trial court's determination, if summary judgment is warranted. Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, 383, citing Brown v. CountyComm'rs (1993), 87 Ohio App.3d 704, 711.
 {¶ 10} We agree with the trial court that State Farm's policy provides no coverage for appellee's alleged negligence. Coverage L and M of Section II of State Farm's policy provide for "liability coverages." However, there are two sections under which appellee asserts that her homeowner's policy excludes coverage for her actions:
 {¶ 11} "SECTION II — EXCLUSIONS
 {¶ 12} "1. Coverage L and Coverage M do not apply to: * * *
 {¶ 13} "e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of: * * *
 {¶ 14} "(2) a motor vehicle owned or operated by or rented or loaned to any insured;
 {¶ 15} "* * *
 {¶ 16} "f. bodily injury or property damage arising out of:
 {¶ 17} "(1) the entrustment by any insured to any person;
 {¶ 18} "(2) the supervision by any insured to any person;
 {¶ 19} "(3) any liability statutorily imposed on any insured; or
 {¶ 20} "(4) any liability assumed through an unwritten or written agreement by any insured;
 {¶ 21} "with regard to the ownership, maintenance or use of any * * *motor vehicle which is not covered under Section II of this policy; * * *."
 {¶ 22} Clearly, pursuant to Section II(1)(e), there is no coverage for bodily injury arising out of Nathan's use of his motor vehicle. An "insured" is defined as "you and, if residents of your household: (a) your relatives; and (b) any other person under the age of 21 who is in the care of a person described above." Appellee and her husband were the named insureds on the policy. Insofar as Nathan lived with his mother, a named insured, he was also an insured under State Farm's policy. Because Nathan owned and operated the motor vehicle in which appellant sustained bodily injury, we find that there is no coverage pursuant to the policy for appellant's bodily injuries arising out of Nathan's operation of his Jeep.
 {¶ 23} Using this exclusion, the trial court held that, because appellee's allegedly negligent actions were so inextricably intertwined with Nathan's operation of his vehicle, the policy excluded coverage for appellee's actions as well. On appeal, however, appellant argues that appellee's actions were separate and distinct from Nathan's operation of his Jeep. Appellant asserts that appellee's independent actions, of allowing her son to consume alcohol and then drive his vehicle while intoxicated, created a separate causation which, when run together with Nathan's actions, proximately caused appellant's injuries.
 {¶ 24} State Farm's policy contains a severability clause, which states, "This insurance applies separately to each insured." Based on this provision, appellant argues that, because appellee's actions of negligent entrustment and supervision of her son were separate and distinct from the ownership, maintenance, use, loading or unloading of the Jeep, the motor vehicle exclusion cannot also be applied to appellee to exclude coverage for her actions. Assuming arguendo, as appellant asserts, that appellee's allegedly negligent actions were severable from Nathan's negligence, we nevertheless find that appellee's actions are excluded from coverage pursuant to Section II(1)(f).
 {¶ 25} Section II(1)(f) excludes coverage for bodily injury arising out of the "entrustment" by any insured to any person, the "supervision" by any insured of any person, "any statutorily imposed liability" on any insured, or "any assumed liability" by any insured "with regard to the ownership, maintenance or use of any * * * motor vehicle which is not covered under Section II of this policy." Accordingly, we find that regardless of the severability of appellee's actions from her son's, this exclusion separately precludes coverage for appellee's alleged negligence.
 {¶ 26} Appellant, however, argues that section (f) is ambiguous because Section II does not specify which motor vehicles are covered or excluded from coverage. We disagree. As discussed above, pursuant to section (e), there is no coverage under Section II arising out of Nathan's "use" of his "motor vehicle." Because Nathan was using his Jeep at the time appellant sustained her injuries, we find that the Jeep was not covered under Section II of State Farm's policy with respect to this accident. Accordingly, we find that appellant's bodily injuries, which arose as a result of appellee's allegedly negligent entrustment and supervision of Nathan, with respect to his "use" of the Jeep, are precluded from coverage. We therefore find that the trial court correctly determined that appellee's alleged negligence was not covered by State Farm's policy.
 {¶ 27} Despite there being no coverage for appellee's actions pursuant to State Farm's policy, appellee nevertheless argues that she is also entitled to summary judgment with respect to liability. Appellant responds, however, that this issue is not properly before this court because the trial court denied appellee's motion for summary judgment on this basis. Rather, appellant asserts that only the issue of coverage is pending before this court. We agree.
 {¶ 28} Pursuant to App.R. 3(C), the filing of a cross appeal is required when a person who intends to defend a judgment also seeks to change the judgment:
 {¶ 29} "(1) Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal with the time allowed by App.R. 4." App.R. 3(C)(1).
 {¶ 30} Only when a person who intends to defend a judgment appealed on a ground other than that relied on by the trial court is a notice of cross appeal not required:
 {¶ 31} "(2) Cross appeal not required. A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal." App.R. 3(C)(2).
 {¶ 32} In this case, by requesting this court to grant her summary judgment on the basis of liability, appellee is actually requesting that we overturn the decision of the trial court which denied her motion for summary judgment with respect to the issue of liability. Clearly, when seeking reversal of a decision of the trial court, appellee was required, pursuant to App.R. 3(C)(1) to file a notice of cross appeal. Appellee filed no notice of cross appeal in this case and, therefore, failed to assign as error the trial court's denial of her motion for summary judgment with respect to liability. Accordingly, we cannot consider appellee's arguments in this respect.
 {¶ 33} For the foregoing reasons, we find appellant's first and second assignments of error not well-taken. The trial court correctly determined that there was no coverage pursuant to appellee's homeowner's policy with State Farm for appellant's bodily injuries. We further find that appellee's arguments with respect to the trial court's denial of her summary judgment motion, regarding liability, are not properly before this court.
 {¶ 34} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J. Concur.