2005 OK 65

**BP AMERICA, INC., Plaintiff/Appellant,**

v.

**STATE AUTO PROPERTY & CASU-ALTY INSURANCE COMPANY, Defendant/Appellee.**

**No. 102,299.**

Supreme Court of Oklahoma.

Sept. 20, 2005.

As Corrected on Denial of Rehearing Oct. 30, 2006.

James C. Lang, G. Steven Stidham, Brian S. Gaskill, Sneed Lang, P.C., Oklahoma City, OK, for the plaintiff/appellant.

Lawrence R. Murphy, Jr., Pansy Moore–Shrier, Robinett & Murphy, Tulsa, OK, for the defendant/appellee.

WATT, C.J.

¶1 The United States District Court for the Northern District of Oklahoma certified two first impression questions of Oklahoma law to this Court under the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601, *et seq.* The federal court asks:

"1. Whether, under Oklahoma Law, the term 'any insured' in an 'Auto Exclusion' clause of a commercial general liability policy excludes from coverage all automobile occurrences attributable to any of the insureds?; and

2. Whether, under Oklahoma Law, the inclusion of both an 'Auto Exclusion' clause and a 'separation of insureds' clause in a commercial general liability policy creates an ambiguity in the contract?"

We answer the initial question, "yes". Our answer to the second question is "no". Our first determination: is supported by the plain language of the commercial general liability policy (general liability policy) clearly excluding all coverage for automotive incidents involving any insured;[1] aligns us with the

---

1. The commercial policy provides in pertinent part:
   "... **2. Exclusions**
   This insurance does not apply to:
   ... g. **Aircraft, Auto Or Watercraft**

'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any ... 'auto' ... owned or operated by or rented or loaned to any

overwhelming majority of courts addressing the issue; and is supported by this Court's jurisprudence. As to the second question, we are convinced that the position taken by those jurisdictions recognizing that a clear and unambiguous exclusion should not be negated by a severability clause is consistent with Oklahoma law. We also find significant the clear and unambiguous exclusion coupled with no indication that any premium was paid for that automotive liability coverage under the general liability policy.

> insured. Use includes operation and 'loading or unloading'...." [Emphasis in original.]

2. In answering a certified question, the Court does not presume facts outside those offered by the certification order. *In re Harris*, 2002 OK 35, ¶ 4, 49 P.3d 710; *Jones v. University of Central Oklahoma*, 1995 OK 138, ¶ 5, 910 P.2d 987. Although we will neither add nor delete such facts, we may consider uncontested facts supported by the record. See, *In re Harris*, this note, supra. The insured also argues that coverage should be allowed pursuant to the reasonable expectations doctrine. However, before the doctrine will apply, the policy language must be ambiguous and there must be something more than a subjective, uncommunicated and otherwise unsupported expectation of coverage, *i.e.* the exclusions must be masked by technical or obscure language or hidden in the policy's provisions. *American Economy Ins. Co. v. Bogdahn*, 2004 OK 9, ¶ 10, 89 P.3d 1051; *Max True Plastering Co. v. United States Fidelity & Guaranty*, 1996 OK 28, ¶ 24, 912 P.2d 861. The doctrine is simply inapplicable where the language of the policy is, as here, clear and unambiguous. The same is true for of the doctrine of custom and usage. *Pitco Production Co. v. Chaparral Energy, Inc.*, see note 14, infra. Furthermore, neither the issue of reasonable expectations nor the doctrine of usage and custom appears to fall within the questions certified.

The insured relies primarily on a 10th Circuit case, *West American Ins. Co. v. AV & S*, 145 F.3d 1224 (10 Cir.1998), for the proposition that an exclusion from coverage clause in the presence of a severability clause renders the exclusion ambiguous. The insured asserts that *West American*, which was decided under Utah law, is determinative of this cause. We disagree. Where no Supreme Court directive exists, federal law is merely instructive in providing guidance on state law questions. *Hollaway v. UNUM Life Ins. Co. of America*, 2003 OK 90, ¶ 15, 89 P.3d 1022. See also, *Hathaway v. State ex rel. Medical Research & Technical Auth.*, 2002 OK 53, ¶ 13, 49 P.3d 740; *Payne v. Dewitt*, 1999 OK 93, ¶ 8, 995 P.2d 1088; *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶ 7, 979 P.2d 252; *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶ 21, 958 P.2d 128. Furthermore, the insured did not cite

## CERTIFIED FACTS [2] AND PROCEDURAL BACKGROUND

■ ¶ 2 In June of 2001, the plaintiff/appellant, B.P. America, Inc. (insured/BP), entered into a construction contract with Doyal W. Rowland Construction, Inc. (Rowland). Besides being obligated under the contract to do certain construction work, the contract also required B.P. to obtain $1,000,000.00 in general liability coverage and automotive liability insurance.[3]

to *All American Ins. Co. v. Burns*, see note 17, infra, nor to *Farmers Ins. Co., Inc. v. McClain*, see note 17, infra, both of which are 10th Circuit cases applying Oklahoma law. These cases fall within the majority position, determining, as a matter of law, that the term "any insured" in an exclusionary clause is unambiguous and expresses a definite and certain intent to deny coverage. Although neither of these cases address the issue of the severability clause creating an ambiguity where one would otherwise not exist, at least one federal court has recognized that such courts do not formulate state law, but merely seek to ascertain it. *Hanover Ins. Co. v. Travelers Indemnity Co.*, see note 17, infra. *Hanover* acknowledges that a clearly drafted exclusionary provision will not be trumped by the inclusion of a severability clause in the insurance policy. Furthermore, in *VBF, Inc. v. Chubb Group of Ins. Cos.*, 263 F.3d 1226 (10th Cir.2001), applying Oklahoma law, the 10th Circuit considered a commercial general liability policy upholding a clear and unambiguous exclusion provision. We fail to see how a 10th circuit case applying Utah law should govern the result here.

3. The Master Service Contract provides in pertinent part:

> "... (D) The following insurance policies and coverages are required:
> ... Commercial General Liability Insurance, including bodily injury and property damage with minimum limits not less than *$1,000,000.00* per occurrence. The Commercial General Liability policy shall include the following coverages as they apply to the Work to be performed, each with minimum limits not less than *$1,000,000.00* per occurrence.
> (a) Independent Contractors' and Contractual Liability coverage required for all Work, without exception.
> (b) Products Liability/Completed Operations coverage required for any Work that results in a finished product or that involves or results in the construction.
> (c) Explosion, collapse, and underground hazards coverage required for any Work involving excavation, blasting, use of explosives, or construction, erection, or installation of buildings, structures, or equipment.

¶ 3 As required under the construction contract, the defendant/appellee, State Auto and Casualty Insurance Company [4] (insurer), issued two policies. The first was issued on January 20, 2002, covering the general liability requirements of the contract. It listed Rowland as the named insured and BP as an additional insured. Less than a month later, on February 7, 2002, the second policy issued covering automotive liability containing the same designations for Rowland and BP as named insured and additional insured, respectively. Both policies were in full force and effect from April 16, 2002, to April 16, 2003.

¶ 4 On July 23, 2002, a multi-car accident occurred involving a dump truck driven by a Rowland employee. Three individuals were fatally injured and a fourth sustained significant injuries. Multiple lawsuits were filed as a result of the accident. In different combinations, the suits named the employee, Rowland, BP and the insurer as defendants. All the personal injury and wrongful death lawsuits were settled with the insurer contributing $1,000,000.00 to the settlement pursuant to the automotive liability policy.

> (d) Deletion of non-owned watercraft exclusion if any Work is performed on or over navigable waters or involves maritime workers or vessels.
> 3. Automobile Liability Insurance with minimum limits not less than $1,000,000.00, and including bodily injury, property damage, and contractual auto liability, for all owned, hired, and non-owned vehicles that will be used in the performance of Work under this Contract...."

4. Although our order of July 7, 2005, setting a briefing schedule referred to the defendant/appellee as State Automobile Insurance Company, it appears that the company was terminated as a party and State Auto Property & Casualty Insurance Company was added by minute order of January 7, 2005. Furthermore, an unopposed motion was filed on September 6, 2005, requesting the style change.

5. *American Economy Ins. Co. v. Bogdahn,* see note 2 at ¶ 8, supra; *Cranfill v. Aetna Life Ins. Co.,* 2002 OK 26, ¶ 5, 49 P.3d 703.; *Phillips v. Estate of Greenfield,* see note 8, infra.

6. *Dodson v. Saint Paul Ins. Co.,* 1991 OK 24, ¶ 12, 812 P.2d 372.

7. *American Economy Ins. Co. v. Bogdahn,* see note 2, supra; *Bituminous Casualty Corp. v. Cow-*

¶ 5 On June 16, 2004, the insured filed suit against the insurer in federal court seeking recovery under the general liability policy. Recognizing that the lawsuit involved issues of first impression Oklahoma law, the federal court certified questions to this Court pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001 §§ 1601, *et seq.* We set a briefing cycle which was concluded on August 16, 2005.

## WELL–SETTLED OKLAHOMA STANDARDS FOR INSURANCE CONTRACT CONSTRUCTION

¶ 6 Insurance policies are contracts [5] interpreted as a matter of law.[6] Parties may contract for risk coverage and will be bound by policy terms.[7] When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions.[8] The policy is read as a whole, giving the words and terms their ordinary meaning, enforcing each part thereof.[9] This Court may not rewrite an insurance contract to benefit either party.[10] It is the insurer's responsibility to draft clear provisions of exclusion.[11] We will

*en Constr., Inc.,* 2002 OK 34, ¶ 9, 55 P.3d 1030; *Wiley v. Travelers Ins. Co.,* 1974 OK 147, ¶ 16, 534 P.2d 1293; *American Iron & Machine Works Co., Inc. v. Insurance Co. of North America,* 1962 OK 197, ¶ 5, 375 P.2d 873; *Torres v. Sentry Ins.,* 1976 OK 195, ¶ 7, 558 P.2d 400.

8. Title 15 O.S.2001 § 154; 36 O.S.2001 § 3621; *Phillips v. Estate of Greenfield,* 1993 OK 110, ¶ 10, 859 P.2d 1101; *Kerr–McGee Corp. v. Admiral Ins. Co.,* 1995 OK 102, ¶ 8, 905 P.2d 760 (1995); *Dodson v. Saint Paul Ins. Co.,* see note 6, supra.

9. *United States v. H.G. Cozad Construction Co.,* 324 F.2d 617, 619 (10th Cir.1963); *Continental Supply Co. v. Levy,* 1926 OK 449, ¶ 0, 247 P. 967; *Henderson v. Ponca City Milling Co.,* 1926 OK 123, ¶ 6, 116 Okla. 169, 243 P. 743.

10. *American Economy Ins. Co. v. Bogdahn,* see note 2, supra; *Max True Plastering Co. v. United States Fidelity & Guaranty Co.,* see note 2, supra; *Wiley v. Travelers Ins. Co.,* see note 7, supra.

11. *McDonald v. Schreiner,* 2001 OK 58, ¶ 7, 28 P.3d 574.

not impose coverage where the policy language clearly does not intend that a particular individual or risk should be covered.[12] Furthermore, a split in authority over whether a certain term is ambiguous will not, in itself, establish an ambiguity[13] nor will the fact that the parties disagree,[14] as the issue is one of law for the Court.[15] Finally, payment of premiums is a crucial factor in determining whether a specific coverage is available to the insured.[16]

## DISCUSSION

¶ 7 **a. Usage of the term "any insured" in an exclusionary clause clearly and unambiguously indicates that coverage will be denied to all insureds—even innocent parties.**

¶ 8 The exclusionary clause provides in pertinent part:

"... **2. Exclusions**

This insurance does not apply to:

... **g. Aircraft, Auto Or Watercraft**

'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any ... 'auto' ... owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading'...."

¶ 9 The insured maintains that the language is not so clear as to be unambiguous and that "any" should be read, not in the sense of "all", but as "the". Under this interpretation, the insured contends that only negligent insureds should be denied coverage. The insurer asserts that the exclusion clearly and unambiguously negates coverage to all insureds when any individual insured's actions fall within the exclusionary clause. It argues that the provision cannot be interpreted to allow coverage to an innocent insured when all automotive liability coverage of any insured is specifically disallowed.

¶ 10 The overwhelming number of courts, addressing policy language similar to that at issue here, determines, as a matter of law, that the term "any insured" in an exclusionary clause is unambiguous and expresses a definite and certain intent to deny coverage to all insureds—even to innocent parties.[17]

12. *American Economy Ins. Co. v. Bogdahn,* see note 2, supra.

13. *Id.* at ¶ 20, supra.

14. *Southern Hospitality, Inc. v. Zurich American Ins. Co.,* 393 F.3d 1137 (10th Cir.2004) [Applying Oklahoma law.]; *Pitco Production Co. v. Chaparral Energy, Inc.,* 2003 OK 5, ¶ 14, 63 P.3d 541; *Jones v. Reliable Security Inc.,* 29 Kan.App.2d 617, 28 P.3d 1051, 1058 (2001).

15. *Dodson v. Saint Paul Ins. Co.,* see note 6, supra.

16. See, *Spears v. Glens Falls Ins. Co.,* 2005 OK 35, ¶ 13, 114 P.3d 448; *Max True Plastering Co. v. United States Fidelity & Guaranty Co.,* note 2, supra.

17. *Canutillo Independent School Dist. v. National Union Fire Ins. Co. of Pittsburgh,* 99 F.3d 695, 707 (5th Cir.1996); *All American Ins. Co. v. Burns,* 971 F.2d 438, 442 (10th Cir.1992) [Applying Oklahoma law.]; *Sales v. State Farm Fire & Casualty Co.,* 849 F.2d 1383, 1385 (11th Cir.1988); *Spezialetti v. Pacific Employers Ins. Co.,* 759 F.2d 1139, 1141 (3rd Cir.1985); *Farmers Ins. Co., Inc. v. McClain,* 603 F.2d 821, 823 (10th Cir.1979) [Applying Oklahoma law.]; *Amick v. State Farm Fire & Casualty,* 862 F.2d 704–05 (8th Cir.1988); *Strouss v. Fireman's Fund Ins. Co.,* 2005 WL 418036 (2005); *Standard Fire Ins. Co. v. Proctor,* 286 F.Supp.2d 567, 573 (D.Md. 2003); *Allstate Ins. Co. v. Kim,* 121 F.Supp.2d 1301, 1307–08 (D.Hawai'i 2000); *Traders & General Ins. Co. v. Freeman,* 81 F.Supp.2d 1070, 1074 (D.Oregon 2000); *Stewart Title Guaranty Co. v. Kiefer,* 984 F.Supp. 988, 996 (E.D.La. 1997); *Michael Carbone, Inc. v. General Accident Ins. Co.,* 937 F.Supp. 413, 421 (E.D.Pa.1996); *Hanover Ins. Co. v. Travelers Indemnity Co.,* 318 F.2d 306, 309 (8th Cir.1963); *Castro v. Allstate Ins. Co.,* see note 44, infra; *Allstate Ins. Co. v. Foster,* 693 F.Supp. 886, 888 (D.Nev.1988); *American Family Mutual Ins. Co. v. Corrigan,* 697 N.W.2d 108, 117 (Iowa 2005); *American Family Mutual Ins. Co. v. White,* 204 Ariz. 500, 65 P.3d 449, 456 (2003); *Government Employees Ins. Co. v. Moore,* 266 Va. 155, 580 S.E.2d 823, 829 (2003); *Johnson v. Allstate Ins. Co.,* 1997 ME 3, ¶ 10, 687 A.2d 642 (1997); *Taryn E.F. v. Joshua M.C.,* 178 Wis.2d 719, 505 N.W.2d 418, 420 (1993); *Allen v. Prudential Property & Cas. Ins. Co.,* 839 P.2d 798, 807 (Utah 1992) [This Court rejected the reasoning of this opinion in *Max True Plastering Co. v. United States Fidelity & Guar. Co.,* see note 2, supra only to the extent that the Utah Court refused to adopt the reasonable expectations doctrine.]; *Webb v. American Family Mutual Ins. Co.,* 493 N.W.2d 808, 811 (Iowa 1992); *Chacon v. American Family Mutual Ins. Co.,* 788 P.2d 748, 750 (Colo.1990); *Great Central Ins. Co. v. Roemmich,* see note 26, infra; *Sciaudone v. Steuk,* 128 N.H. 261, 512 A.2d 1108, 1111 (1986); *Barnstable County Mutual Fire Ins. Co. v. Lally,* 374 Mass. 602, 373 N.E.2d 966–67

These jurisdictions recognize that to impose liability on the insurer would raise coverage where none was intended and no premium was collected.[18] Furthermore, the majority acknowledges that only by ignoring the plain language of the contract relating to "any insured" will an ambiguity be created.[19] Insureds have not been allowed to avoid the clear application of exclusions relating to "any insured" by conjuring up ambiguities nor have they convinced courts to apply tortured interpretations to create them.[20] One court has clearly instructed insurers that ex-clusions will be upheld where the clause refers to "any insured" as opposed to "a insured", "an insured" or "the insured".[21]

¶ 11 As does the majority, this Court upholds coverage exclusions where policy language is clear and unambiguous.[22] Furthermore, we will not interpret an insurance contract to extend coverage where none is intended.[23] Finally, except where public policy concerns demand the imposition of coverage, insurers are not required to cover a loss for which no premium has been

(1978); *Stearns–Roger Corp. v. Hartford Accident & Indemnity Co.*, 117 Ariz. 162, 571 P.2d 659, 661 (1977); *Bennett v. Waidelich*, 2005 WL 1201024, 2005-Ohio-2489 (OhioApp.2005); *Ristine v. Hartford Ins. Co. of the Midwest*, 195 Or.App. 226, 97 P.3d 1206, 1209 (2004); *Bituminous Casualty Corp. v. Maxey*, 110 S.W.3d 203, 208 (Tex.App.2003), *review denied* (2003); *Caroff v. Farmers Ins. Co. of Washington*, 98 Wash.App. 565, 989 P.2d 1233–34 (1999), *review denied*, 141 Wash.2d 1006, 10 P.3d 1073 (2000); *Rena, Inc. v. Brien*, 310 N.J.Super. 304, 708 A.2d 747, 758 (1998); *American Family Mutual Ins. Co. v. Copeland–Williams*, 941 S.W.2d 625, 627 (Mo. App.1997), *rehearing/transfer denied* (1997); *Swentkowski v. Safeco Ins. Co.*, 881 P.2d 437, 439 (Colo.App.1994), *rehearing/transfer denied* (1994); *State Farm Fire & Casualty Co. v. Guccione*, 171 Ill.App.3d 404, 121 Ill.Dec. 537, 525 N.E.2d 595–96 (1988), *appeal denied*, 123 Ill.2d 567, 128 Ill.Dec. 900, 535 N.E.2d 411 (1988); *State Farm Fire & Casualty Co. v. Wolford*, 116 A.D.2d 1011, 498 N.Y.S.2d 631 (1986). Some courts uphold exclusionary provisions even where the exclusion refers to the acts of "an insured" rather than "any insured". *Johnson v. Allstate Ins. Co.*, 1997 ME 3, ¶ 7, 687 A.2d 642; *Utah Farm Bureau Ins. Co. v. Crook*, 1999 UT 47, 980 P.2d 685, 688; *Vance v. Pekin Ins. Co.*, 457 N.W.2d 589, 592 (Iowa 1990); *American Motorists Ins. Co. v. Moore*, 970 S.W.2d 876, 880 (Mo.App.1998); *Merrimack Mutual Fire Ins. Co. v. Sampson*, 28 Mass.App.Ct. 353, 550 N.E.2d 901, 903 (1990). See also, *EMCASCO Ins. Co. v. Diedrich*, 394 F.3d 1091, 1095 (8th Cir.2005); *United National Ins. Co. v. SST Fitness Corp.*, 182 F.3d 447, 449 (6th Cir.1999); *City of Manchester v. General Reinsurance Corp.*, 127 N.H. 806, 508 A.2d 1063, 1065 (1986); *Murphy v. Louisiana Farm Bureau Mutual Ins. Co.*, 569 So.2d 637, 639 (La.App. 1990); *Farmers Ins. Co. of Washington v. Hembree*, 54 Wash.App. 195, 773 P.2d 105, 107 (1989), *review denied*, 113 Wash.2d 1011, 779 P.2d 729 (1989); *Travelers Ins. Co. v. Blanchard*, 431 So.2d 913–14 (La.App.1983). To the contrary, see, *Michigan Millers Mutual Ins. Corp. v. Benfield*, 140 F.3d 915, 925 (11th Cir.1998) [Even this court acknowledged that had the policy contained the term "any insured" rather than "an insured" the result might have differed.]; *Allstate Ins. Co. v. Worthington*, 46 F.3d 1005, 1008 (10th Cir.Utah 1995); *Montgomery Mutual Ins. Co. v. Dyer*, 170 F.Supp.2d 618, 625 (W.D.Va.2001); *Cyprus Plateau Mining Corp. v. Commonwealth Ins. Co.*, 972 F.Supp. 1379, 1385 (D.Utah 1997); *Shapiro v. American Home Assurance Co.*, 616 F.Supp. 900, 903 (D.Mass. 1984); *Hanover Ins. Co. v. Crocker*, 1997 ME 19, ¶ 8, 688 A.2d 928 (1997) [Although imposing coverage in a policy relating to "the insured", the Maine court indicated it might be disposed otherwise had the policy been termed in the nature of "any insured".]; *Transport Indemnity Co. v. Wyatt*, 417 So.2d 568, 571 (Ala.1982); *Zenti v. Home Ins. Co.*, 262 N.W.2d 588, 590 (Iowa 1978); *Pacific Indemnity Co. v. Transport Indemnity Co.*, 81 Cal.App.3d 649, 146 Cal.Rptr. 648, 651 (1978); *United States Steel Corp. v. Transport Indemnity Co.*, 241 Cal.App.2d 461, 50 Cal.Rptr. 576, 583 (1966). See also, *Volquardson v. Hartford Ins. Co. of the Midwest*, 264 Neb. 337, 647 N.W.2d 599, 609 (2002), *answer conformed to* 2003 WL 1191404 (D.Neb.2003); *Vanguard Ins. Co. v. McKinney*, 184 Mich.App. 799, 459 N.W.2d 316, 319 (1990).

18.  *Canutillo Independent School Dist. v. National Union Fire Ins. Co. of Pittsburgh,* see note 17, supra; *Merrimack Mutual Fire Ins. Co. v. Sampson,* see note 17, supra.

19.  *Michael Carbone, Inc. v. General Accident Ins. Co.,* see note 17, supra; *Government Employees Ins. Co. v. Moore,* see note 17, supra; *Murphy v. Louisiana Farm Bureau Mutual Ins. Co.,* see note 17, supra.

20.  *Spezialetti v. Pacific Employers Ins. Co.,* see note 17, supra; *Stearns–Roger Corp. v. Hartford Accident & Indemnity Co.,* see note 17, supra.

21.  *Northern Security Ins. Co. v. Perron,* 172 Vt. 204, 777 A.2d 151, 164 (2001).

22.  *VBF, Inc. v. Chubb Group of Ins. Cos.,* see note 2; *Max True Plastering Co. v. United States Fidelity & Guaranty,* see note 2, supra.

23.  *Simpson v. Farmers Ins. Co., Inc.,* see note 25 at ¶ 14, infra.

paid—as is the situation here.[24] Rather, we uphold clear and unambiguous exclusionary clauses.

¶ 12 In *Bituminous Casualty Corp. v. Cowen Construction, Inc.*, 2002 OK 34, 55 P.3d 1030, 106 A.L.R.5th 713, we applied the well settled rules of insurance contract construction to a commercial general liability policy excluding coverage for bodily injury or property damage arising out of the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants". In so doing, we applied the clear and unambiguous contract language, giving it a plain and ordinary meaning. We determined that the total pollution exclusion of the policy was not limited to environmental pollution and would be applicable to lead poisoning from a release into a kidney dialysis center constructed by the insured.

¶ 13 We again addressed exclusions under a general liability policy in *Dodson v. Saint Paul Ins. Co.*, 1991 OK 24, 812 P.2d 372. *Dodson* involved a general liability policy excluding coverage for liability assumed by the insured contractor except for a warranty of fitness and which excluded liability for property damage arising out of the named insured's products and property damage to work performed on behalf of the insured. The exclusionary provision was found to be unambiguous resulting in our holding that there was no coverage for liability of the insurer due to the insured's having utilized defective material and faulty workmanship.[25]

¶ 14 We upheld an automotive liability exclusion in a homeowner's policy in *Phillips v. Estate of Greenfield*, 1993 OK 110, 859 P.2d 1101. *Phillips* addressed the issue of whether a vehicle exclusion referring to "an insured" in the homeowner's insurance policy excluded coverage for bodily injury and medical payments resulting from an automobile-motorcycle accident involving the homeowner's child under a claim for negligent supervision or failure to control. In upholding the automotive liability exclusion, we determined that exclusion was clearly intended and that to hold the insurer liable under the policy terms would require us to expand policy terms and to rewrite the contract.[26]

¶ 15 We find the reasoning of the majority persuasive. It is also consistent with this Court's interpretative position on general liability insurance contracts expressed in *Cowen* and *Dodson*[27] and our upholding of the automotive liability exclusion in *Phillips*[28]—recognizing that to rule otherwise would re-

---

24. See, *Breakfield v. Oklahoma Farmers Union Mutual Ins. Co.*, 1995 OK 139, ¶ 0, 910 P.2d 991; *Withrow v. Pickard*, 1995 OK 120, ¶ 23, 905 P.2d 800; *Scott v. Cimarron Ins. Co., Inc.*, 1989 OK 26, ¶ 0, 774 P.2d 456; *Stanton v. American Mutual Liability Ins. Co.*, 1987 OK 118, ¶ 10, 747 P.2d 945. The declarations page contains no indication that the liability insurance argued for here was charged to the insured or that the insurer collected such a coverage premium under the policy.

25. See also, *Simpson v. Farmers Ins. Co., Inc.* 1999 OK 51, 981 P.2d 1262. In *Simpson*, we upheld an insurance exclusion related to the stacking of medical expense coverage. The language provided that the insurer would not provide coverage in excess of the limits provided by a single policy with the highest limits of liability. The policy was determined to be clear, unambiguous and enforceable.

26. It is instructive to note that in deciding *Phillips, v. Estate of Greenfield*, see note 8, supra, we cited a case from South Dakota. In *Great Central Ins. Co. v. Roemmich*, 291 N.W.2d 772, 774 (S.D.1980), the South Dakota Supreme Court aligned itself with the majority position and upheld an exclusion utilizing the term "any insured" determining that the existence of a severability clause did not render the exclusion ambiguous.

27. Our holdings are not in conflict with *Hartline v. Hartline*, 2001 OK 15, ¶ 20, 39 P.3d 765 (2001). In *Hartline*, the issue was whether the insurer could deny the minimum limits of liability coverage to an injured resident family member under an automotive policy. Pursuant to *Hartline*, an insured may not reject uninsured/underinsured motorist coverage for all parties. Nevertheless, if the resident family member has other coverage, the insured's rejection is valid. At issue here is the effect of an exclusion in a general liability policy rather than an automotive policy. Furthermore, here, the insurer issued an automotive liability policy which covered all the insureds and which paid its policy limits.

28. The insured's arguments that *Bituminous Casualty Corp. v. Cowen Construction, Inc.*, 2002 OK 34, 55 P.3d 1030, 106 A.L.R.5th 713, *Phillips v. Estate of Greenfield*, see note 8, supra, and *Dodson v. Saint Paul Ins. Co.*, see note 6, supra, are unsupportive of our holding or have absolutely no application to the issues presented are unconvincing.

quire us to ignore the clear language of an exclusion and expand the policy terms well beyond the parties' reasonable expectations.[29] As does this Court, the majority: treats the insurance policy as a contract, enforcing it consistent with the expressed intentions of the parties; considers and gives effect to all policy provisions; and focuses on a reasonable person's understanding.[30] Furthermore, adopting the position advanced by the insured would require that we unilaterally convert a general liability policy—without motor vehicle coverage—into a automotive liability policy. This we will not do.[31]

¶ 16 The first certified question is answered in the affirmative. We hold that, under Oklahoma Law, the term 'any insured' in an 'Auto Exclusion' clause of a commercial general liability policy excludes from coverage all automotive occurrences attributable to any of the insureds.

¶ 17 **b. The inclusion of a severability clause in an insurance policy does not render an otherwise clear and unambiguous exclusionary clause questionable.**

¶ 18 The commercial policy's severability clause is denoted as "Separation of Insureds" providing:

"Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately as to each insured against whom claim is made or 'suit' is brought."

▇▇▇ ¶ 19 The insured argues that, even if the exclusionary clause is clear when read in isolation, the insurer's inclusion of a severability of interests provision renders it ambiguous. The assertion rests on an argument that if, under the severability clause, each insured is treated as having a separate policy, only the negligent insured should be denied coverage. In contrast, the insurer insists that, by ignoring the term "any insured" in the exclusionary clause and imposing coverage where none was intended, otherwise clear and unambiguous policy provisions are rendered meaningless.

▇▇▇ ¶ 20 Severability clauses are intended to spread protection, to the limits of coverage, among all the named insureds. Some courts determine that the existence of an exclusion coupled with a severability clause raises an ambiguity extending coverage to innocent insureds under the policy.[32] These

29. Also supportive of our determination is *Pierce v. Oklahoma Property & Casualty Ins. Co.*, 1995 OK 78, ¶ 19, 901 P.2d 819 and *United Services Automobile Ass'n v. McCants*, 1997 OK 73, ¶¶ 8–10, 944 P.2d 298. The *McCants* Court determined that a wife's arson would preclude the husband's recovery on a homeowner's policy under which they were joint insureds, even though the property was not held in joint tenancy. In *Pierce*, this note, supra, we held that a named driver exclusion was valid and that the exclusion barred coverage for negligent entrustment. Additionally, in *Short v. Oklahoma Farmers Union Ins. Co.*, 1980 OK 155, ¶ 9, 619 P.2d 588, 11 A.L.R.4th 1217, we determined that an entire insurance contract would be voided by the fraud or false swearing of one of two spouses. Finally, in *Spears v. Shelter Mutual Ins. Co.*, 2003 OK 66, ¶ 12, 73 P.3d 865, we upheld a policy exclusion for repairs incurred as a result of code enforcement on grounds that it was plain and unambiguous.

30. *Chacon v. American Family Mutual Ins. Co.*, see note 17, supra.

31. See, *City of Manchester v. General Reinsurance Corp.*, note 17, supra.

32. *West American Ins. Co. v. AV & S*, see note 2, supra [Applying Utah law.]; *Shapiro v. American Home Assurance Co.*, see note 7, supra; *Ryder Truck Rental, Inc. v. Saint Paul Fire & Marine Ins. Co.*, 540 F.Supp. 66, 71 (N.D.Ga.1982); *Brumley v. Lee*, 265 Kan. 810, 963 P.2d 1224, 1227 (1998); *United Services Automobile Ass'n v. DeValencia*, 190 Ariz. 436, 949 P.2d 525, 527 (1998), *review denied* (1998). *American Nat'l Fire Insurance Co. v. Fournelle*, 472 N.W.2d 292, 295 (Minn.1991); *Worcester Mutual Ins. Co. v. Marnell*, 398 Mass. 240, 496 N.E.2d 158, 160 (1986); *Shelter Mutual Ins. Co. v. Brooks*, 693 S.W.2d 810, 811 (Mo.1985); *Barnette v. Hartford Ins. Group*, 653 P.2d 1375, 1383 (Wy.1982); *Pennsylvania Nat'l Mutual Casualty Ins. Co. v. Bierman*, 266 Md. 420, 292 A.2d 674, 678 (1972); *Bankers & Shippers Ins. Co. of New York v. Watson*, 216 Va. 807, 224 S.E.2d 312, 316 (1976); *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.*, 60 Ill.2d 295, 327 N.E.2d 321, 323 (1975); *Commercial Standard Ins. Co. v. American General Ins. Co.*, 455 S.W.2d 714, 48 A.L.R.3d 1 (Tex.1970); *Atchison, Topeka & Santa Fe Co. v. Saint Paul Surplus Lines Ins. Co.*, 328 Ill.App.3d 711, 263 Ill.Dec. 110, 767 N.E.2d 827, 830 (2002); *Premier Ins. Co. v. Adams*, 632 So.2d 1054, 1056 (Fla.App.1994); *Catholic Diocese of*

tribunals treat a severance clause as creating individual coverage for each separate insured.[33] Nevertheless, the courts recognize that policy language similar to that at issue here, relating to "any insured", may make it clear that all coverage was intended to be excluded.[34] Furthermore, at least one jurisdiction has acknowledged that disallowing the exclusion makes the phrase "any insured" superfluous.[35]

¶ 21 Other courts note that utilization of the term "any insured" in the presence of a severability clause does not create an ambiguity giving rise to insurance coverage where the exclusion is clear.[36] They reason that to hold otherwise would effectively nullify exclusions from coverage in any case involving coinsureds—despite a clearly drafted exclusionary provision.[37] These courts realize that imposing coverage requires a tortured reading of the insurance agreement, expanding liability beyond that bargained for by a reasonable person under the plain policy language.[38] It also invites collusion among insureds, whereby any one insured could make a damage claim caused by any other insured.[39] These courts determine that, in the presence of an exclusionary clause utilizing the term "any insured", a claim made against any insured for conduct arising out of the specific conduct within the exclusionary clause, is barred.[40] Failure to so hold results in the specific terms of the exclusionary clause being overriden by a more general

Dodge City v. Farmers Ins. Co., 16 Kan.App.2d 488, 825 P.2d 1144, 1151 (1992), aff'd, 251 Kan. 689, 840 P.2d 456 (1992); Worcester Mutual Ins. Co. v. Marnell, 398 Mass. 240, 496 N.E.2d 158, 160 (1986); Litz v. State Farm Fire & Casualty Co., 346 Md. 217, 695 A.2d 566, 572 (1997); Gorzen v. Westfield Ins. Co., 207 Mich.App. 575, 526 N.W.2d 43–44 (1994); Swentkowski v. Safeco Ins. Co., see note 17, supra. See also, Transport Indemnity Co. v. Wyatt, note 17, supra.

**33.** Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Association, 117 F.3d 1328, 1335 (11th Cir.1998), rehearing/rehearing en banc denied, 136 F.3d 143 (11th Cir.1998); Brumley v. Lee, see note 32, supra.

**34.** See, American Nat'l Fire Insurance Co. v. Fournelle, see note 32, supra; Bankers & Shippers Ins. Co. of New York v. Watson, see note 32, supra. But see, Brumley v. Lee, see note 32, supra.

**35.** Worcester Mutual Ins. Co. v. Marnell, see note 32, supra

**36.** All American Ins. Co. v. Burns, see note 17, supra; Allstate Ins. Co. v. Kim, see note 17, supra; American Family Mutual Ins. Co. v. Corrigan; see note 17, supra; Government Employees Ins. Co. v. Moore, see note 17, supra; Hanover Ins. Co. v. Travelers Indemnity Co., see note 17, supra; Taryn E.F. v. Joshua M.C., see note 17, supra; Petticrew v. ABB Lummus Global, Inc., 53 F.Supp.2d 864, 870 (E.D.La.1999), reconsideration denied, 1999 WL 500011 (E.D.La.1999); Michael Carbone, Inc. v. General Accident Ins. Co., see note 17, supra; American Family Mutual Ins. Co. v. White, see note 17, supra; American Motorists Ins. Co. v. Moore, see note 17, 36, supra; American Family Mutual Ins. Co.v. Copeland–Williams, see note 17, supra.; Bennett v. Waidelich, see note 17, supra; Chacon v. American Family Mutual Ins. Co., see note 17, supra; Bituminous Casualty Corp. v. Maxey, see note 17,

supra; Northwest G.F. Mutual Ins. Co. v. Norgard, 518 N.W.2d 179, 183 (N.D.1994); Caroff v. Farmers Ins. Co. of Washington, see note 17, supra; Great Central Ins. Co. v. Roemmich, see note 26, supra; Ristine v. Hartford Ins. Co. of the Midwest, see note 17, supra; Jones v. Reliable Security Inc., 29 Kan.App.2d 617, 28 P.3d 1051, 1058 (2001); Mutual of Enumclaw Ins. Co. v. Cross, 103 Wash.App. 52, 10 P.3d 440, 444 (2000), review denied, 103 Wash.App. 52, 10 P.3d 440 (2000); American Family Mutual Ins. Co. v. Moore, 912 S.W.2d 531, 534 (Mo.App.1996), rehearing/transfer denied (Mo.1996); California Casualty Ins. Co. v. Northland Ins. Co., 48 Cal. App.4th 1682, 56 Cal.Rptr.2d 434, 441 (1996); Oaks v. Dupuy, 653 So.2d 165, 168 (La.App. 1995); McAllister v. Millville Mutual Ins. Co., 433 Pa.Super. 330, 640 A.2d 1283, 1288 (1994), appeal denied, 539 Pa. 653, 651 A.2d 540 (1994); National Ins. Underwriters v. Lexington Flying Club, Inc., 603 S.W.2d 490, 493 (Ky.App.1980). See also, EMCASCO Ins. Co. v. Diedrich, note 17, supra.; Steadfast Ins. Co. v. Stroock & Stroock & Lavan LLP, 277 F.Supp.2d 245, 253 (S.D.N.Y. 2003), aff'd, 108 Fed.Appx. 663 (2nd Cir.N.Y.).

**37.** Allstate Ins. Co. v. Kim, see note 17, supra; Northwest G.F. Mutual Ins. Co. v. Norgard, see note 36, infra; American Family Mutual Ins. Co. v. Eastman, 698 N.W.2d 337 (Iowa App.2005) [To find an ambiguity would be to allow severability clauses to trump and render superfluous coverage exclusions.].

**38.** McAllister v. Millville Mutual Ins. Co., 433 Pa.Super. 330, 640 A.2d 1283, 1283 (1994), appeal denied, 539 Pa. 653, 651 A.2d 540 (1994); National Ins. Underwriters v. Lexington Flying Club, Inc., 603 S.W.2d 490, 493 (Ky.App.1979).

**39.** Bituminous Casualty Corp. v. Maxey, see note 17, supra.

**40.** Id.

severability provision.[41] Furthermore, it requires the court to ignore and treat as superfluous, the term "any" in the policy language.[42] It also ignores the purpose of the severability clause—to afford each insured a full measure of coverage up to the policy limits, rather than to negate bargained-for and plainly-worded exclusions.[43] Finally, at least one court has refused to engage in semantics and simply determines that once you find there is no potential for coverage, coverage may not be imposed simply because the policy also applies severally.[44]

¶ 22 The majority/minority split is not as dramatic on this issue as it is in relation to interpretation of the exclusionary provision. Nevertheless, clearly most courts addressing the issue of whether a severability clause will render a clear and unambiguous exclusionary provision doubtful determine that the clear language of the exclusion must prevail.

¶ 23 In the context of exclusionary language relating to "any insured", the majority determines that the severability clause's only effect is to alter the meaning of the term "the insured" to reflect who is seeking coverage.[45] The separation of insureds clause has no effect on the clear language of the exclusionary clause. Simply, a claim made against any insured is excluded. The purpose of severability is not to negate plainly worded exclusions.[46]

¶ 24 Here, the first indication that automotive coverage was never anticipated under the general liability policy is the contract between the insured and Rowland. The contract specifically required two policies: one for general liability insurance and the second for automotive liability insurance. The contract is also instructive in that it recognized

the general liability policy would contain some exclusions from coverage. The only exclusion that the contract specifically provides shall be deleted from the general liability policy is one for watercraft operation, if work is to be done over navigable waters. It does not require that the automotive liability exclusion be deleted.[47]

¶ 25 The second indication that automotive liability coverage was not intended to be included in the general liability policy appears on the series one contractor's general liability policy common declaration's page. Premiums were collected for commercial general liability coverage and an item delineated as "contractors special coverage". There is no premium listed for automotive liability coverage.

¶ 26 The third clue that no automobile liability coverage was intended under the general liability insurance contract is seen in the policy on a page denominated as "Commercial General Liability Coverage Form". It specifically provides that various provisions in the policy restrict coverage. It then lists the coverages for bodily injury and property damage and the exclusions. The automotive liability exclusion appears as § 2(g).[48]

¶ 27 The position taken by those jurisdictions recognizing that a clear and unambiguous exclusion should not be negated by a severability clause is most consistent with the manner in which this Court views policy exclusions. *Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶¶ 18–19, 963 P.2d 572 explains the general rule that the insurance carrier's obligations and the insured's rights are determined by the declaration of insurance coverage, limited by its exclusions. Pursuant to

41. *Caroff v. Farmers Ins. Co. of Washington,* see note 17, supra.

42. *Id.; Worcester Mutual Ins. Co. v. Marnell,* 398 Mass. 240, 496 N.E.2d 158, 161 (1986); *Taryn E.F. v. Joshua M.C.,* see note 17, supra.

43. *California Casualty Ins. Co. v. Northland Ins. Co.,* see note 36, supra; *Jones v. Reliable Security Inc.,* see note 36, supra; *Hayes v. United Fire & Casualty Co.,* 3 S.W.3d 853, 859 (Mo.App.1999), *rehearing/transfer denied* (1999).

44. *Castro v. Allstate Ins. Co.,* 855 F.Supp. 1152, 1155 (S.D.Cal.1994).

45. *Bituminous Casualty Corp. v. Maxey,* see note 17, supra. See also, *American Nat'l Fire Insurance Co. v. Fournelle,* note 32, supra.

46. *Northwest G.F. Mutual Ins. Co. v. Norgard,* see note 36, supra; *American Family Mutual Ins. Co. v. Moore,* see note 17, supra.

47. See Master Contract provisions, note 3, supra.

48. See note 1, supra.

the opinion, which relies on *Dodson v. Saint Paul Ins. Co.*, 1991 OK 24, 812 P.2d 372, **exclusions are read separately and operative independently from the general declaration identifying events which will not be covered. Each exclusion eliminates coverage.**

¶ 28 We have already determined that the automotive liability exclusion is clear and contains no ambiguity. The contract between the insured and Rowland anticipated that there would be two policies purchased— one for general liability and one for automotive liability.[49] The contract did not require coverage for automotive liability to be included in the general liability policy. Rather, a second policy was purchased to insure against automotive liability claims. The general declaration's page of the general liability policy contained no charge for automotive coverage and the Commercial General Liability Coverage Form specifically provides that various provisions in the policy restrict coverage. It lists coverages for bodily injury and property damage, specifically excluding automotive liability.[50]

¶ 29 We answer the second certified question in the negative. Under the facts presented, where the exclusion is clear and unambiguous and there is no indication that automotive liability coverage was intended in the general liability policy, the inclusion of both an "Auto Exclusion" clause and a "separation of insureds" clause in a commercial general liability policy will not create an ambiguity in the contract.

## CONCLUSION

¶ 30 Upholding the vehicle exclusion in the general liability policy does not burden the insured with an unjust result. The liability limits of the automotive policy have been paid, and there is no evidence that a specific premium was collected for automotive coverage in the general liability policy.[51] We are persuaded by those jurisdictions which refuse to let a general severability provision trump a clear and unambiguous exclusion. To do otherwise, would require that we rewrite the contract—a task we may not undertake.[52]

### CERTIFIED QUESTIONS ANSWERED.

WINCHESTER, V.C.J., HARGRAVE, OPALA, KAUGER, TAYLOR, COLBERT, JJ., concur.

LAVENDER, J., concurs in result.

EDMONDSON, J., not participating.

---

49. The issuance of two distinct policies evidences some intent to avoid duplicated coverage. *Cyprus Plateau Mining Corp. v. Commonwealth Ins. Co.*, see note 17, supra; *Oaks v. Dupuy*, see note 36, supra.

50. See note 1, supra.

51. *Oaks v. Dupuy*, see note 36, supra.

52. *Wynn v. Avemco Ins. Co.*, 1998 OK 75, ¶ 19, 963 P.2d 572; *Dodson v. Saint Paul Ins. Co.*, see note 6, supra.