**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 14, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHAD E. OSTERHOUT,

    Plaintiff - Appellant,

v.

KENDALL MORGAN; BOARD OF
COUNTY COMMISSIONERS OF
LEFLORE COUNTY, OKLAHOMA,

    Defendants.

------------------------------

THE ASSOCIATION OF COUNTY
COMMISSIONERS OF OKLAHOMA
SELF-INSURED GROUP (ACCO-SIG),
an association of political subdivisions of
the State of Oklahoma; COUNTY
REINSURANCE LIMITED,

    Interested Parties - Appellees.

No. 23-7074
(D.C. No. 6:17-CV-0099)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **SEYMOUR**, and **EID**, Circuit Judges.
_____

Chad Osterhout filed a post judgment garnishment claim against Association of

County Commissioners of Oklahoma Self Insured Group (ACCO-SIG), seeking to collect

---

[*]This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

compensatory damages stemming from his judgment against Kendall Morgan, a former employee of LeFlore County. The district court granted summary judgment, holding that LeFlore County's Liability Coverage Agreement with ACCO-SIG did not cover Mr. Morgan's conduct. Mr. Osterhout's timely appeal seeks to reverse the district court's order, arguing that the contract is ambiguous and should be subject to Oklahoma's "reasonable expectations" doctrine.

Mr. Osterhout has not shown that the district court erred in holding that the Insurance Agreement was enforceable and unambiguous. We therefore affirm.

## I.     Background[1]

Mr. Osterhout was badly beaten during a traffic stop by Mr. Morgan, the former Undersheriff of LeFlore County. Mr. Osterhout filed suit seeking damages from Mr. Morgan under 42 U.S.C. § 1983 for excessive use of force. At trial, the jury found in his favor and returned a judgment of $3 million in compensatory damages[2] and $1 million in punitive damages. As a result of the judgment, Mr. Osterhout initiated a garnishment proceeding against ACCO-SIG based on its Liability Coverage Agreement with Mr. Morgan's former employer, LeFlore County. ACCO-SIG moved for summary judgment, arguing that Mr. Morgan's conduct was not covered by the Agreement. The district court agreed and granted the motion for summary judgment. This timely appeal followed.

---

[1] We limit our recounting of the factual background to facts relevant to the issues on appeal.

[2] Compensatory damages were later reduced by the district court to $1.875 million.

## II.    Analysis

Mr. Osterhout challenges the district court's conclusions (1) that Mr. Morgan's conduct was excluded from coverage under the Insurance Agreement and (2) that the Agreement was unambiguous and thus Oklahoma's "reasonable expectations" doctrine is inapplicable. Aplt. Br. at 2. "We review a grant of summary judgment de novo, applying the same standard as the district court." *Automax Hyundai South, L.L.C. v. Zurich American Ins. Co.*, 720 F.3d 798, 803 (10th Cir.2013) (internal citations omitted). In reviewing an order for summary judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir.2015).

The background facts are largely undisputed. The parties agree Mr. Morgan was an employee of LeFlore County and was on the job when he beat Mr. Osterhout. The parties agree the jury must have found Mr. Morgan's conduct either malicious or reckless because it awarded punitive damages, which are only available for malicious or reckless conduct.[3] The parties agree on what the words of the Agreement are; they only disagree on whether those words are unambiguous and enforceable. "The test

---

[3]The jury found the Board of County Commissioners vicariously liable for Mr. Morgan's actions. Under Oklahoma law, punitive damages can only coexist with a finding that an employee was acting within the scope of their employment because punitive damages may be supported by a finding of recklessness—not necessarily malice. *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015). Therefore, the jury must have found that Mr. Morgan acted recklessly.

for ambiguity is whether the language is susceptible to two interpretations on its face from the standpoint of a reasonably prudent lay person, not from that of a lawyer." *Am. Econ. Ins. Co. v. Bogdahn*, 89 P.3d 1051, 1054 (Okla. 2004) (quotations and alterations omitted). "[A] split in authority over whether a certain term is ambiguous will not, in itself, establish an ambiguity nor will the fact that the parties disagree." *BP Am., Inc. v. State Auto Prop. & Cas. Ins.*, 148 P.3d 832, 836 (Okla. 2005).

Oklahoma applies the doctrine of reasonable expectations only "to the construction of *ambiguous* insurance contracts or to contracts containing exclusions which are masked by technical or obscure language or which are hidden in policy provisions." *Max True Plastering Co. v. U.S. Fid. and Guar. Co.*, 912 P.2d 861, 863 (Okla. 1996) (emphasis added). "Under this doctrine, if the insurer or its agent creates a reasonable expectation of coverage in the insured which is not supported by policy language, the expectation will prevail over the language of the policy." *Id.* at 864. If a policy is unambiguous, "the employed language is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions." *Bituminous Cas. Corp. v. Cowen Constr., Inc.*, 55 P.3d 1030, 1033 (Okla. 2002).

The Agreement, in at least five different locations, disclaims liability for "reckless" conduct. Aplt. App., Vol. III at 51, 52, 53, 68, and 77. Mr. Osterhout contends that "reckless" is an ambiguous term, and therefore we should apply Oklahoma's "reasonable expectations" doctrine. But he fails to cite any cases holding

4

that the term "reckless," as used in an insurance policy, is ambiguous.[4] *See generally* Aplt. Br. The district court held that the term "reckless" was not ambiguous, and we agree.

Mr. Osterhout also argues that the Agreement is an "illusory contract" that fails to provide any coverage in cases where a law enforcement officer used excessive force. Aplt. Br. at 26. Mr. Osterhout fails to show any obligation on the part of either LeFlore County or ACCO-SIG to cover damages stemming from excessive force. "Under Oklahoma law, an insurance policy is a contract and is interpreted accordingly." *Automax*, 720 F.3d at 804. LeFlore County and ACCO-SIG determined for themselves what conduct would and would not be covered when they entered into the Agreement, and we are not permitted to rewrite the terms of the insurance policy. *Id.*

## III.  Conclusion

Mr. Osterhout has not shown that the district court erred in holding that the Insurance Agreement was unambiguous and enforceable. Accordingly, we affirm.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[4] Furthermore, in seeking punitive damages at trial Mr. Osterhout asked the jury to find that Mr. Morgan behaved either maliciously or recklessly, something they presumably could not have done without understanding the term reckless.