**In re WNS, INC., Wallpapers To Go, Inc., Wicks 'N' Sticks, Inc., Debtors.**

**Bankruptcy Nos. 92–40938–H1–11, 92–40939–H3–11 and 92–40940–H2–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 12, 1993.

## ORDER

MANUEL D. LEAL, Chief Judge.

Came on for consideration the Final Application for Allowance of Compensation filed by Deloitte & Touche in which Deloitte & Touche seeks court approval of

$22,084.00 for accountants' fees. An accounting firm's fee application is reviewed under the same standards as those applied to attorneys. *In re Chas. A. Stevens & Co.*, 109 B.R. 853, 855 (Bankr.N.D.Ill.1990). The Court has considered this fee application in light of the standards for awarding fees set forth in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.1977), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).

█ The burden of proving the reasonableness of compensation and reimbursement pursuant to 11 U.S.C. § 330 is on the fee applicant. *In re Wizard Enterprises, Inc.*, 109 B.R. 708, 709 (Bankr.W.D.La. 1990). Moreover, bankruptcy courts and district courts have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings. *In re First Colonial*, at 1298. Even if no objections are raised to a fee application, the Court is not bound to award the fees sought, and it has the duty to independently examine the reasonableness of the fees. *In re NRG Resources, Inc.*, 64 B.R. 643, 650 (Bankr.W.D.La.1986).

█ This Court has determined that fee applicant Deloitte & Touche has failed to meet its burden of proof to establish that all of the fees and expenses requested were reasonably and necessarily incurred. Specifically, the hourly rates billed by many of applicant's employees are excessive when compared with the benefit of the services provided to the estate. These rates are as follows:

| Professional Level | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|
| Tax Partner | $300/hour | 1.0 | $ 300.00 |
| Tax Senior Manager | $225/hour | 20.0 | $ 4,500.00 |
| Tax Partner | $300/hour | .7 | $ 210.00 * |
| Tax Senior Manager | $300/hour | 5.7 | $ 1,710.00 * |
| Tax Senior Manager | $300/hour | .5 | $ 150.00 * |
| Tax Senior Manager | $300/hour | 3.0 | $ 900.00 * |
| Tax Partner | $300/hour | 4.0 | $ 1,200.00 * |
| Tax Senior Manager | $225/hour | 48.4 | $10,890.00 * |
| Tax Senior Manager | $225/hour | 2.8 | $ 630.00 |

*These fees were subsequently reduced 25% by applicant, and the Court has applied this reduction to its calculation of the fee award.

Deloitte & Touche failed to convince this Court that the results obtained for the estate warrant an award of fees based on such high rates.

Accordingly, this Court authorizes an award of $5,359.00 for accountants' fees to Deloitte & Touche. The balance of the fees requested is disallowed because the fees were billed at excessive hourly rates.