### In re UNGER & ASSOCIATES, INC., Debtor.

#### No. 99–41872–S.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Dec. 20, 2001.

Joyce W. Lindauer, Arthur I. Unger-man, Dallas, TX, for Chapter 11 Trustee.

Robert Milbank, Jr., Dallas, TX, for Liquidating Trustee.

### OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Final Application For Allowance of Fees And Expenses of William Eschrich Chapter 11 Trustee ("Application"). This opinion constitutes the Court's findings of fact and conclusions of law and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. Thereafter, William Eschrich was appointed Chapter 11 Trustee in this case ("Applicant" or "Chapter 11 Trustee"). A liquidating plan was confirmed by this Court on or about June 29, 2001 whereupon Marla C. Reynolds was appointed Liquidating Trustee of the Unger

Liquidating Trust and replaced William Eschrich ("Liquidating Trustee"). Applicant filed his Final Application for Allowance of Fees and Expenses seeking compensation of $47,632.00 and expenses of $10,070.52 (total $57,703.02) for the period of February 1, 2001, through June 18, 2001 ("the Applicable Period"). In addition, the Application seeks this Court's final approval of fees of $85,650.00 and expenses $14,048.78 previously awarded on an interim basis in an amount of $50,000 (remainder unapproved at that time was $49,698.78) by this Court's Order on Application For Allowance of Fees and Expenses Of William Eschrich Chapter 11 Trustee ("First Fee Application") for the period from October 26, 1999 through January 31, 2000.[1] The Final Application avers that the Chapter 11 Trustee spent 317.55 hours in the administration of this bankruptcy estate during the Applicable Period and approximately 894.71 hours from the inception of his appointment through June 18, 2001.

The First Fee Application, filed on February 25, 2000, lacked the detail necessary for the Court to determine whether all services provided by Applicant were reasonable, actual and necessary and whether expenses were actual and necessary as required under 11 U.S.C. § 330. In addition, at the time the First Fee Application came before the Court for consideration, the Court was unable to quantify any benefit to the estate as the result of Applicant's services. The sale proposed had failed and no plan had been confirmed. Therefore, the Court allowed Applicant an interim distribution of $50,000 to cover a portion of his out-of-pocket expenses and fees without prejudice to Applicant seeking the balance at a later date.

---

1. The Liquidating Trustee filed an untimely objection to the Application, but one not without merit as it pertains to unauthorized payments made by the Chapter 11 Trustee.

## DISCUSSION

 Pursuant to 11 U.S.C. §§ 330 and 331, all professionals applying for fees must demonstrate that the services to be compensated were actual, reasonable and necessary. This Circuit uses the "lodestar method" to calculate professionals' fees. *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977), establishes the proper procedure for determining professionals' fee awards in bankruptcy. The court must first determine the nature and extent of the services supplied by the professionals. The professional seeking fees shall file a specific written statement and description of the hours worked. If any factual dispute exists, the court must conduct an evidentiary hearing. Second, the court must assess the value of the professional's services. The first two factors are called the "lodestar." See *Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir.1987). Generally, the lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly charge. *In re Lawler*, 807 F.2d 1207, 1211 (5th Cir.1987). Finally, the court must explain the basis of its award. In doing so, the court must briefly describe its findings and explain how an analysis of the *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), factors led to its decision. *In re Allied Texas Investments, Inc.*, 1989 WL 265432 (Bkrtcy.N.D.Tex.). Each of the Johnson factors should be considered, but none are controlling. *Cobb v. Miller*, 818

F.2d 1227, 1232 (5th Cir.1987). The fee applicant bears the burden of proving that the number of hours and the hourly rate for which compensation is requested is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).

 Applicant's Final Application seeks the balance unpaid from the First Fee Application ($49,698.78) and has attached as exhibits to the Final Fee Application itemizations of the time spent for the periods covered under both applications. This Court has scrutinized both Applications together with the supporting documentation appended to each as exhibits, the Application of Joann Swaty, assistant to Mr. Eschrich (which Application was denied following hearing), and the record in this case. The Court has also considered the Objection of Liquidating Trustee to Final Application. The Court will allow a maximum rate of $150/hr. for the Trustee, such is the rate approved by the Creditor's Committee in this case. Based upon the pleadings and the record, and after analysis pursuant to the criterion for this Court's allowance of professional fees and expenses promulgated by the Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) and as codified under 11 U.S.C. § 330[2], this Court finds that Applicant has failed to demonstrate that any fees or expenses should be allowed supplemental to those previously granted with respect to the First Fee Application filed on February 25, 2001.[3] Despite the additional documentation attached to the Final Fee Appli-

**2.** The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the

experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. 488 F.2d at 717–19.

**3.** The burden of proof rests upon the administrative expense applicant to demonstrate that its cost or expense was actual and necessary.

cation, and, partly because of the activities revealed through that documentation, the Court finds that there are inconsistencies and an apparent lack of credibility as to the extent and nature of the services performed and actual expenditures alleged to be made in the administration of the estate. For example, there is duplication of effort by Eschrich and Swaty, unnecessary and apparently inflated time spent on tasks and travel time not billed at half the allowable hourly rate [in the amount of $3,700.00]. It has long been the opinion of this Court that it is not the burden of the Court or of the Debtor to disprove or examine the minutiae of a fee application once it has been demonstrated clearly that the description of the services is unreliable and the benefit conferred upon the estate as a result of the services provided or alleged to have been provided is dubious. *In re Express One International, Inc.* 217 B.R. 207, 211 (Bkrtcy.E.D.Tex.1998). Nonetheless, in this instance, the Court has examined the minutiae of this record and has endeavored to fashion a ruling that will neither discourage honest professionals from undertaking representation of or service to debtors' estates nor encourage rapacious opportunists.

◼◼◼ Respecting the period from 2/01/00 through 6/18/01 covered in the Fi-nal Application, the Court has reduced the amounts sought as follows:

(1) unreasonable and excessive expenditures for meals (prime rib, steak, alcoholic beverages) and entertainment, such as in-room movies on business trips[4], together with

(2) expenses designated as "miscellaneous" without further explanation [Total of (1) and (2) $6,475.69 for current period—but not including $867.27 from period covered under prior application for which such reduction has previously been made]; and

(3) travel time not billed at half of the hourly rate as is the customary practice in this District [$2,287./ Applicable Period only].

◼◼◼ The Objection of the Liquidating Trustee to the Final Application of Mr. Eschrich, as Chapter 11 Trustee, urges the Court to reduce allowance of Eschrich's fees and expenses by $12,318.40. The basis for the objection is that Eschrich, while acting as the Chapter 11 Trustee of the bankruptcy estate, allegedly paid $11,442.78 to Randall Brandt, a C.P.A., over a course of months in twelve payments, without Court or authorization pursuant to 11 U.S.C. §§ 330 and 331;[5] and further paid the amount of $875.62 to him-

An "actual and necessary" cost or expense is one which conferred a benefit upon the bankruptcy estate. *In re Canton Jubilee, Inc.,* 253 B.R. 770 (Bkrtcy.E.D.Texas 2000) citing to *Matter of H.L.S. Energy Co., Inc.,* 151 F.3d 434, 437 (5th Cir.1998). It is the applicant's burden to demonstrate entitlement to fees. *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Refining Co.),* 890 F.2d 1312, 1326 (5th Cir.1989); *In re Zwern,* 181 B.R. 80, 85 (Bankr.D.Colo.1995). See also *Rubner & Kutner, P.C. v. U.S. Trustee (In re Lederman Enterprises, Inc.),* 997 F.2d 1321 (10th Cir.1993).

4. The number of steaks that Mr. Eschrich has indulged in expecting the creditors of this estate to pay for as an "expense" that was reasonable or necessary to the administration of the estate simply shocks the conscience and calls into question the credibility of his other expenses. See Appendix 2016 "Guidelines for Reimbursable Expenses" to Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Eastern District of Texas. Travel meals are reimbursable only if the cost is reasonable. Amenities such as in-room movies are not reimbursable.

5. The exhibits to the Application indicate that Mr. Eschrich issued two checks to Mr. Brandt totaling $2,894.00. The Liquidating Trustee's Objection alleges that a total of $11,442.78 has been paid absent authorization.

self (Eschrich) without Court approval or authorization. Until the former Chapter 11 Trustee and the Liquidating Trustee resolve this matter and demonstrate to the Court via hearing or stipulations that there has been no breach of propriety in the payment of estate funds and no disgorgement will be necessary, the amount in dispute should not be paid out of the estate. The Court will permit payment of the amount held back after conducting an evidentiary hearing or upon demonstration that such amounts are no longer at issue.

## CONCLUSION

For the foregoing reasons, this Court will allow the Final Application in the amount of $ 33,026.60 for professional services and in the amount of $3,594.83 for reimbursement of expenses and the Court will allow the First Fee Application only in the amount previously paid, being $50,-000.000 for fees and expenses. An order will be entered accordingly.