IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-30377

In The Matter Of:  BABCOCK & WILCOX COMPANY

                                                            Debtor

-------------------------------------------------------------------------------

CAPLIN & DRYSDALE CHARTERED

                                                            Appellant

v.

BABCOCK & WILCOX COMPANY;
DIAMOND POWER INTERNATIONAL INC;
U.S. TRUSTEE;  UNSECURED CREDITORS' COMMITTEE

                                                            Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.
PER CURIAM:

This appeal stems from a Chapter 11 bankruptcy filed in the Eastern District of Louisiana.  The sole issue on appeal is whether the bankruptcy judge abused its discretion in awarding attorney's fees at half the hourly rate for time spent traveling but not working.  Finding no abuse of discretion, we AFFIRM.

I.     BACKGROUND

During the Chapter 11 bankruptcy proceeding involving The Babcock & Wilcox Company, the bankruptcy court approved the appointment of the law firm of Caplin & Drysdale as national counsel for the Asbestos Claimants' Committee pursuant to 11 U.S.C. § 1103(a). Ultimately, Caplin & Drysdale filed a fee application seeking $5,642,218.75 in attorney's fees and $745,303.35 in expenses. The United States Trustee objected to paying the full hourly rate for travel time not spent working. The bankruptcy court held a hearing in which Elihu Inselbuch (Inselbuch), a partner of Caplin & Drysdale, testified. Inselbuch testified that it was the practice of Caplin & Drysdale to bill travel time "the way we bill for any other time." He also testified that, from 1969 to 1986, he was a partner at the firm Gilbert, Siegel & Young, which had the same practice as Caplin & Drysdale of billing the full rate for travel time. Inselbuch's "general understanding based upon conversations" he had with other lawyers in New York was that "law firms create their billing rates on the assumption that they will bill clients for travel time at full rates and be paid for them." He stated that if this was not the practice, firms would have to change their billing rates, resulting in discrimination between the clients who require travel time and those who do not.

At the conclusion of the hearing, the bankruptcy judge denied "those portions of the fee application that seek payment at the full hourly rate for travel time." The court awarded attorney's fees at 50% of the full hourly rate for travel time not spent working. The disallowed portion of travel time compensation at issue is $135,685.80. Caplin & Drysdale filed a motion to reconsider, which the bankruptcy court denied. Caplin & Drysdale then filed an appeal of those orders to the district court. The district court affirmed the bankruptcy court's orders, finding that Caplin & Drysdale had failed to carry its burden of demonstrating that the customary compensation for nonproductive travel time in the New York and Washington, D.C. markets was for the full hourly rate. In re Babcock &

Wilcox Co., Slip Copy, 2007 WL 854304 (E.D.La. March 15, 2007). This appeal followed.

## II. STANDARD OF REVIEW

"We review the district court's decision by applying the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005). Accordingly, this Court reviews the bankruptcy court's award of attorney's fees for abuse of discretion. A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures in calculating the fee award or (2) rests its decision on findings of fact that are clearly erroneous." Id. (citing In re Evangeline Refining Co., 890 F.2d 1312, 1325 (5th Cir. 1989)). This Court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. Id.

## III. ATTORNEY'S FEES

The bankruptcy court awarded attorney's fees pursuant to 11 U.S.C. § 330. The statute provides that the court may award "reasonable compensation for actual, necessary services, rendered by the . . . attorney." § 330(a)(1)(A). The statute also provides as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§ 330(a)(3).

Prior to being amended in 1978, this statute "favored economy of the estate over competitive compensation" to attorneys for the debtors. In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 850 (3rd Cir. 1994). "Congress determined, it appears, that on average the gain to the estate of employing able, experienced, expert counsel would outweigh the expense to the estate of doing so, and that unless the estate paid competitive sums it could not retain such counsel on a regular basis." Id.; accord In re Hillsborough Holdings, 127 F.3d 1398, 1403 (11th Cir. 1997) (citing 124 Cong. Rec. 33,994 (daily ed. Oct. 5, 1978) (statement of Sen. DeConcini), reprinted in 1978 U.S.C.C.A.N. 6505, 6511).

In the case at bar, Caplin & Drysdale argues that the bankruptcy court erred in awarding only half of the hourly rate because the evidence was undisputed that its usual custom and practice was to bill clients full hourly rates for its non-working travel time. "The burden of proving the reasonableness of compensation and reimbursement pursuant to 11 U.S.C. § 330 is on the fee applicant." In re WNS, Inc., 150 B.R. 663, 664 (Bankr. S.D. Tex. 1993).

Here, the district court found that during the hearing Caplin & Drysdale "did not even identify any other comparable firms, much less produce evidence of what they billed for nonproductive travel time." We agree that Caplin & Drysdale did not make a sufficient showing with respect to how other comparable firms billed non-working travel time. Although Inselbuch did testify that his previous law firm, Gilbert, Siegel & Young, had the same practice as Caplin & Drysdale of billing the full rate for travel time, he left that firm in 1986

and provided no evidence with respect to that particular firm's current practice. Additionally, although Inselbuch testified as to his general understanding of other firms' billing practices, Caplin & Drysdale introduced no specific evidence of other firms' billing practice in this situation. It appears undisputed that the other law firms involved in this bankruptcy were not objecting to the award of 50% of their hourly rate for non-working travel time.

This Court has not addressed the issue of billing non-working travel time pursuant to § 330. However, in the context of a Voting Rights Act case, we held that the court did not abuse its discretion when it discounted the hourly rate billed for travel time. Watkins v. Fordice, 7 F.3d 453, 459 (5th Cir. 1993). The Voting Rights Act provides that the court has discretion to allow the prevailing party "reasonable" attorney's fees. 42 U.S.C.A. § 1973I(e). The statute in the case at bar also looks to the reasonableness of the attorney's fees. Moreover, the lodestar method of calculating attorney's fees applies in both cases. Thus, although Watkins interprets a different statute, it is quite persuasive. This is especially true given the instant statutory language is "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." § 330(a)(3)(E) (emphasis added). Further, numerous bankruptcy and district courts have held that it is not an abuse of discretion to discount non-working (and even working) travel time. See, e.g., In re McKeeman, 236 B.R. 667, 672-73 (8th Cir. B.A.P. 1999) (holding that decision not to allow full hourly rate for travel time to out-of-state attorney representing debtor was not abuse of discretion); In re Anderson Grain Corp., 222 B.R. 528, 532 (Bankr. N.D. Tex. 1998) (finding one-half the usual hourly rates for time actually spent working on a matter while traveling more than adequate); In re Bennett Funding Group, Inc., 213 B.R. 234, 251 (Bankr. N.D.N.Y. 1997) (explaining that "travel time will be compensable at one-half normal rates unless the Court is satisfied that work

was performed during travel"); In re Unger & Assocs., Inc., 277 B.R. 694, 698 (Bankr. E.D. Tex. 2001) (explaining that the customary practice in the Eastern District of Texas is to bill travel time at half of the hourly rate). Indeed, the Northern District of Texas has fee guidelines which provide that "[t]ravel time is compensable at one-half rates, but work actually done during travel is fully compensable." In re Teraforce Tech. Corp., 347 B.R. 838 (Bankr. N.D.Tex. 2006) (quoting II.G of General Order 2000-7, Guidelines for Compensation and Expense Reimbursement of Professionals).

On the other hand, there are bankruptcy cases to support an award of a reasonable, full hourly rate for travel time that is necessary pursuant to § 330. See, e.g., In re Cano, 122 B.R. 812 (Bankr. N.D. Ga. 1991); In re Zepecki, 224 B.R. 907, 911-12 (Bankr. E.D. Ark. 1998). In the context of a civil rights case, the Seventh Circuit has opined that the presumption "should be that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time." Henry v. Webermeier, 738 F.2d 188, 194 (7th Cir. 1984). Judge Posner explained that "[w]hen a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling." Id.

Accordingly, as courts have recognized, there is not a consensus regarding the billing of travel time under § 330. In re Matter of Cano, 122 B.R. at 813 (collecting cases). "The only principle that is eminently clear from these cases is that the courts have broad discretion in awarding fees." Id. (citing In re Temple Ret. Cmty., 97 B.R. 333, 336 (Bankr. W.D. Tex. 1989)). Here, Caplin & Drysdale did not carry the burden of demonstrating that "comparably skilled practioners" charged the full hourly rate for travel time. § 330(a)(3)(E).[1]

---

[1] We reject out of hand Caplin & Drysdale's contention that, by proving other lawyers in its own firm billed the full rate for non-working travel time, it satisfied the burden of demonstrating what "comparably skilled practioners" would bill pursuant to § 330. Cf. In re

Additionally, the instant statute expressly provides that the court may "award compensation that is less than the amount of compensation that is requested." § 330(a)(2). Finally, in its employment agreement, Caplin & Drysdale did not specify that it would bill the full hourly rate for non-productive travel time. The bankruptcy court did not abuse its discretion in disallowing half of the requested fees.

The district court's judgment is AFFIRMED.

---

Geraci, 138 F.3d 314, 319 (7th Cir. 1998) (using the phrase "attorneys in the community" interchangeably with the phrase "comparably skilled practioners" in the context of § 330).