**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 25, 2013

Lyle W. Cayce
Clerk

No. 13-30248
Summary Calendar

In the Matter of: CAROLYN WILLIAMS ALONZO; CHARLES PAUL ALONZO, JR.,

                                    Debtors

_____

HIGHGROUND, INCORPORATED; DAVID HALLIN,

                                    Appellants

v.

RONALD L. BLACKBURN,

                                    Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2642

_____

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

    This appeal arises from Appellants' adversary complaints against Appellee

Ronald L. Blackburn, and co-debtors Charles P. and Carolyn W. Alonzo.  The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30248

bankruptcy court dismissed all of Appellants' complaints with the exception of a breach-of-contract claim against Blackburn. The sole issue on appeal is whether the bankruptcy court's award of $25,000 in attorney's fees relating to the breach-of-contract claim was an abuse of discretion.

The district court's opinion sets out this case's detailed factual history, only a small portion of which we need recount for purposes of this narrow appeal. The Alonzos formed Phoenix Associates Land Syndicate, Inc. ("Phoenix Associates") in 1997, and the Alonzos and Blackburn were the majority stockholders in the company. Although unauthorized to do so, Blackburn signed an agreement on behalf of Phoenix Associates to purchase Treaty Petroleum, Inc., a company for which Appellant David Hallin was an officer and director. The agreement specified that Treaty Petroleum's shareholders would receive stock in Phoenix Associates in exchange for their shares, but instead, pursuant to a subsequent agreement signed by Blackburn, they received stock in Phoenix Oil & Gas, Inc., a corporation owned by Blackburn. As part of the purchase agreement, Blackburn also executed three promissory notes on behalf of Phoenix Associates—again without authority to do so—in favor of Appellants.

Phoenix Associates filed for Chapter 11 bankruptcy in June 2009, and the Alonzos filed for Chapter 7 bankruptcy in January 2010. Thereafter, Appellants filed adversary proceedings objecting to the discharge of the Alonzos' debts. Appellants also removed a suit against Blackburn and the Alonzos alleging breach of contract, fraud, and unjust enrichment—claims largely premised on their receipt of Phoenix Oil & Gas stock rather than Phoenix Associates stock—and seeking damages and recovery on the three promissory notes.

The bankruptcy court held that Appellants incurred a loss with respect to the promissory notes, and Blackburn, as the sole signer of the notes and lacking authority to bind Phoenix Associates, was personally liable for that loss. As for the allegedly fraudulent stock transaction, the bankruptcy court found that

No. 13-30248

Blackburn and Carolyn Alonzo (who had signed the Phoenix Oil & Gas stock certificates) had intended to deceive Appellants, but it held that Appellants had failed to show any loss as a result of that deception because the value of the Phoenix Associates stock was less than the value of the stock Appellants ultimately received.  The bankruptcy court dismissed all other claims, including the dischargeability claims against the Alonzos.

Because Appellants had only prevailed on their claim against Blackburn for breach of contract with respect to the promissory notes, the bankruptcy court determined that "attorney's fees are only to be awarded for a recovery on the notes." R. at 86.  The court observed that, in the 1,211-page trial transcript, only six pages concerned the promissory notes or Blackburn's representation that he was acting on behalf of Phoenix Associates, but it also assumed that Appellants had conducted other preparatory work on the notes claim outside of trial. Considering "all the circumstances," the court concluded that an award of $2,850, representing ten hours of work at an uncontested $285-per-hour rate, would be "inadequate," but $25,000 would be "a fair fee."  R. at 98.  The district court affirmed the $25,000 award.

"We review the district court's decision by applying the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." *Caplin & Drysdale Chartered v. Babcock & Wilcox Co.*, 526 F.3d 824, 826 (5th Cir. 2008) (internal quotation marks omitted).  We review the bankruptcy court's award of attorney's fees for abuse of discretion.  *Id.*

Each of the three promissory notes at issue in this case contained a provision specifying that if the note "is collected through any legal proceedings . . . Maker agrees to pay all costs of collection including, but not limited to, court costs and reasonable attorney's fees."  Thus, in conjunction with

3

No. 13-30248

the notes' choice-of-law clauses, Appellants' attorney's fees are limited to what is "reasonable" under Texas and Tennessee law.[1]

Appellants wisely decline to argue that the bankruptcy court's $25,000 award was unreasonable in sole relation to their efforts to recover on the notes, as they present no evidence that this award conflicts with the relevant reasonableness factors. *See* TEX. DISCIPLINARY R. PROF. CONDUCT 1.04 (listing factors); TENN. SUP. CT. R. 8, RPC 1.5 (same). Instead, Appellants assert that their fraud claims were "intertwined" with the notes claim against Blackburn, thus entitling them to attorney's fees for the work on the fraud claims as well as the notes claim.

Texas and Tennessee apply the "American Rule," under which "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006); *see also Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (following American Rule).[2] Under Texas law, however, an "exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991)). Yet interrelated or intertwined facts are not enough to trigger the exception; "it is only when

---

[1] The bankruptcy court granted recovery on all three of the notes, two of which are governed by Tennessee law and one of which is governed by Texas law.

[2] Appellants also argue that the bankruptcy court should have considered billing records allegedly segregating time spent on their fraud and breach-of-contract claims from time spent on the dischargeability claims against the Alonzos. These billing records do not, however, segregate time spent on Appellants' notes claim from time spent on their other fraud claims, and they are therefore of little relevance to the bankruptcy court's judgment.

No. 13-30248

discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Chapa*, 212 S.W.3d at 313–14.

The bankruptcy court held that Appellants' claim for recovery on the promissory notes was not "inextricably intertwined" with their fraud claims because Appellants "could have sued on these notes and proved solely that Mr. Blackburn did not have authority and was not an officer of Phoenix and recovered on the notes." R. at 91. We agree. Appellants argue that recovery on the notes would not have been possible without factual development of their other fraud allegations against Blackburn and the Alonzos, but this is not the case. The fraud allegations played no role in the bankruptcy court's finding that Blackburn was personally liable on the notes.[3] Appellants prevailed on the notes claim because Blackburn signed the notes without authority to do so, not because of the allegations of fraud relating to other aspects of the purchase agreement with Treaty Petroleum such as the stock transaction. After all, the bankruptcy court dismissed all of Appellants' claims with the exception of the claim on the notes.

Appellants have failed to show that any discrete legal services used to advance their dismissed claims also advanced their notes claim. Accordingly, the bankruptcy court did not abuse its discretion in holding that Appellants are entitled only to attorney's fees for their recoverable notes claim, as none of their unrecoverable claims were sufficiently intertwined with the notes claim.

AFFIRMED.

---

[3] The same holds true for Appellants' defense against any counterclaims brought by Blackburn because Appellants have not shown that their defense was necessary to recover on the notes.

5