FILED
United States Court of Appeals
Tenth Circuit

December 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERRY G. THAMES,

     Plaintiff - Appellant,

v.

EVANSTON INSURANCE CO.,

     Garnishee - Appellee.

_____

GERRY G. THAMES,

     Plaintiff - Appellant/
     Cross-Appellee,

v.

EVANSTON INSURANCE CO.,

     Garnishee - Appellee/
     Cross-Appellant.

No. 15-5125
(D.C. No. 4:13-CV-00425-PJC)
(N.D. Okla.)

No. 16-5051 and 16-5054
(D.C. No. 4:13-CV-00425-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

_____

[*] After examining the briefs and appellate records, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Gerry G. Thames obtained a $120,000 confessed judgment against Brookside Title & Escrow Inc. and its owner Debra Stockton.  He sought to collect on that judgment by initiating a garnishment action against Brookside's insurer, Evanston Insurance Company.  Mr. Thames asserted that Evanston possessed property (the insurance policy) that could pay for the confessed judgment.  Evanston denied there was any coverage under the policy for such a claim.

The district court entered judgment in Evanston's favor.  Mr. Thames appeals from that decision in No. 15-5125.  The district court later granted Evanston's motion for attorney fees but did not award the full amount requested.  Mr. Thames and Evanston cross-appeal from the fee award in Nos. 16-5051 and 16-5054, respectively.

Exercising jurisdiction over this diversity case under 28 U.S.C. § 1291, we affirm the district court's judgment in favor of Evanston in the garnishment action. We affirm in part and reverse and remand in part the district court's fee award.

## I.  BACKGROUND

### A. *Factual Background and Proceedings Prior to the Garnishment Action*

Mr. Thames retained Brookside to provide closing and escrow services for a cash-transaction real estate purchase.  Mr. Thames wired a transfer payment of $94,905.68 into Brookside's escrow account to be used for the closing, which never occurred.

On May 20, 2011, Mr. Thames sued Brookside and Ms. Stockton in state court and requested a temporary restraining order (the "TRO Action").  He sought to recover his funds from Brookside's escrow account.  On June 1, the state court

granted a permanent injunction and awarded Mr. Thames all of the funds in Brookside's account.

Evanston provided professional liability insurance to Brookside. On June 3, Michael Parks, counsel for Brookside and Ms. Stockton, notified Evanston of the TRO Action and reported a shortage of approximately $91,000 in escrow funds. On June 8, Mr. Parks spoke with Clara Celebuski, a senior claims examiner employed by Markel Service, Inc., Evanston's claims service manager, and suggested Ms. Stockton possibly misallocated or stole the escrow funds.

On June 30, Mr. Thames sued Brookside and Ms. Stockton again in state court ("the Lawsuit"), alleging breach of contract, breach of fiduciary duty and conversion, fraud, and civil conspiracy to intentionally commit fraud and convert Mr. Thames's funds. Mr. Parks accepted service on behalf of Brookside and Ms. Stockton. Notice of the Lawsuit was not provided to Evanston.

On July 18, Evanston issued a denial of coverage letter concerning the TRO Action, stating the TRO Action did not seek damages as defined in the policy. The letter concluded, "please advise the undersigned immediately if you are aware of further or different facts that could have a bearing on our position regarding coverage of the captioned matter." No. 15-5125, Aplt. App. at A148.

On July 12, 2012, Mr. Thames filed an Amended Petition in the Lawsuit. Evanston was not advised of the Amended Petition.

Also in July 2012, Ms. Stockton and her husband filed for bankruptcy. Ms. Stockton listed the Lawsuit as an unsecured, non-priority debt eligible for

bankruptcy discharge. Mr. Thames initiated an adversary proceeding in which the bankruptcy court entered a default judgment against the Stocktons for $89,444.19 and excepted the judgment from discharge.

On February 19, 2013, Brookside and Ms. Stockton filed an offer to confess judgment in the Lawsuit in favor of Mr. Thames for $30,555.81 in addition to the bankruptcy default judgment previously registered in the Lawsuit. Mr. Thames filed an acceptance of the offer to confess judgment. Evanston was not advised that Brookside and Ms. Stockton were contemplating confessing judgment in the Lawsuit or that an offer to confess judgment was made to Mr. Thames.

On February 20, judgment was entered in the Lawsuit for $30,555.81, as confessed and accepted by the parties, together with the $89,444.19, as the pre-recorded judgment in the bankruptcy case, for a total of $120,000.

## B. *The Garnishment Action*

On May 23, 2013, Mr. Thames filed a Garnishment Affidavit in the Lawsuit, seeking payment of the judgment from Evanston based on the insurance policy issued to Brookside. The Garnishment Affidavit was Evanston's first notice of the Lawsuit's existence. Evanston responded via affidavit and denied coverage. Mr. Thames then filed an Application for Hearing to Determine Insurance Coverage.

Evanston removed the case to federal court. Shortly thereafter, Mr. Thames moved to remand the case to state court, but that motion was denied. Evanston then moved for summary judgment on the coverage issue, which the district court denied. Mr. Thames next filed his own motion for summary judgment, but the district court

struck it as untimely.  The parties engaged in unsuccessful settlement negotiations, and the case proceeded to a bench trial.

After trial, the district court entered an Opinion and Order.  The court concluded that because Brookside and Ms. Stockton never provided notice of the Lawsuit that led to the judgment at issue, the notice provisions in the policy were not satisfied and coverage was precluded.  The court alternatively found that, even if notice had been provided, coverage would be precluded under the policy's Amended Exclusion O because Brookside and Ms. Stockton had misappropriated the escrow funds.  The court entered judgment in favor of Evanston because there was no money or property in its possession that could be used to satisfy Mr. Thames's garnishment claim.  Mr. Thames filed an appeal from the judgment (No. 15-5125).

After judgment was entered in its favor, Evanston moved for $103,036 in attorney fees.  Mr. Thames objected, arguing the fee award should be $47,718.  The district court awarded $88,427.68 to Evanston.  Both parties disagreed with the fee award and filed cross-appeals (No. 16-5051 and No. 16-5054).

## II.  **DISCUSSION**

We review the district court's findings of fact after a bench trial for clear error and its conclusions of law de novo.  *Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist*., 226 F.3d 1170, 1177-78 (10th Cir. 2000).  We review the district court's award of attorney fees for abuse of discretion.  *BP Am. Prod. Co. v. Chesapeake Expl., LLC*, 747 F.3d 1253, 1260 (10th Cir. 2014).  "Because this is a diversity action, we apply the substantive law of the forum state," which is

- 5 -

Oklahoma. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850 (10th Cir. 2015)

(foonote and internal quotation marks omitted).

A. ***The Appeal on the Merits (No. 15-5125)***

Under Oklahoma law, "[i]nsurance policies are contracts interpreted as a

matter of law." *BP Am. Inc. v. State Auto Prop. & Cas. Ins. Co*., 148 P.3d 832, 835

(Okla. 2005) (footnote omitted). The district court concluded that Brookside (the

named Insured) failed to give proper notice to Evanston of the Lawsuit, as required

under the policy, and therefore coverage was precluded for Mr. Thames's judgment.

Mr. Thames argues the district court erred.

The parties agree that Evanston had notice of the TRO Action. Mr. Thames

asserts that notice of the TRO Action together with Brookside and Ms. Stockton's

request to investigate the claims underlying the TRO Action provided Evanston with

sufficient knowledge to discover the Lawsuit.

Notice of the TRO Action, however, was inadequate under the terms of the

insurance policy to trigger coverage for the judgment resulting from the Lawsuit.

The policy's Claim Reporting Provision provides that the Insured must give written

notice to Evanston of any claim made against the Insured as a condition precedent to

coverage. No. 15-5125, Aplt. App. at A124. This provision further states, "[i]n the

event a suit is brought against the Insured, the Insured shall immediately forward to

[Evanston] *every* demand, notice, summons or other process received." *Id*. (emphasis

added). As the district court explained, "[t]he 'every' language employed in this

provision means that notice of the Lawsuit should have to be forwarded to Evanston

regardless of any prior notice Evanston had received regarding the TRO action." *Id.* at A23.

Brookside and Ms. Stockton did not inform Evanston that the Lawsuit had been filed, forward the Lawsuit's Petition or First Amended Petition to Evanston, or inform Evanston they were contemplating confessing judgment. The first notice Evanston had of the Lawsuit was its receipt of the post-judgment Garnishment Affidavit. The district court determined that the lack of notice of the Lawsuit prejudiced Evanston "because Evanston did not have the opportunity to control Brookside's defense in the Lawsuit, nor was Evanston a party to the negotiations that led to Brookside's and Mrs. Stockton's confession to the judgment." *Id.*

We agree with the district court's analysis, which is more fully stated in its Opinion and Order, and its conclusion that Brookside and Ms. Stockton's failure to give notice of the Lawsuit to Evanston precluded coverage for the judgment in the garnishment action.[1] Accordingly, we affirm the district court's judgment in favor of Evanston for substantially the same reasons stated in its Opinion and Order dated November 17, 2015.

B. *The Appeal and Cross Appeal of the Fee Award (Nos. 16-5051 & 16-5054)*

---

[1] We note that the district court also relied on the insurance policy's Amended Exclusion O as an additional basis to conclude that Mr. Thames's claims were not covered under the policy. Although we see no reason to reach this issue given that Evanston did not have notice of the Lawsuit, we agree with the district court's analysis and its conclusion on this issue for substantially the same reasons stated by the district court in its Opinion and Order.

At issue in these cross-appeals is the amount of fees due Evanston.[2] Under Oklahoma law, the first step in determining a fee award is calculating a lodestar fee by multiplying the attorney's hourly rate by the hours expended (relying on detailed time records submitted by the attorney). *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007). The fee may then be enhanced after considering the factors set out in *State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okla. 1979). *Spencer*, 171 P.3d at 895. "Finally, any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy." *Id.*

"[C]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (ellipsis and internal quotation marks omitted). And "[t]he district court has a corresponding obligation to exclude hours not reasonably expended from the calculation." *Id.* (internal quotation marks omitted).

In Evanston's motion for fees, the affidavit submitted by one of Evanston's attorneys stated that the firm had charged $107,253 in fees for services related to defending Evanston in the garnishment action. But the affidavit also explained that pursuant to adjustments in the billing agreement between the firm and Evanston, that amount had been reduced to $103,036, which was the amount Evanston requested in

---

[2] Evanston's entitlement to attorney fees arises from 12 Okla. Stat. § 1190(B)(1). Mr. Thames does not dispute that Evanston is entitled to an award of attorney fees as the prevailing party in the garnishment action. His sole challenge is to the amount of the award.

its motion for attorney fees. Evanston further explained that because it was not seeking an enhanced fee, the district court need only determine whether the rates charged for the services and the time spent on those services was reasonable. Mr. Thames filed a response, objecting to the amount requested as unreasonable. He argued the proper amount was $47,718.

In its decision, the district court said the *Burk* factors should be considered when determining the reasonableness of a request for attorney fees. It briefly addressed a few of those factors, noting that (1) this case was more complex than a typical insurance coverage lawsuit, (2) it required significant work by experienced counsel, and (3) Mr. Thames had not challenged Evanston's attorneys' hourly rate.

The court next addressed one of Mr. Thames's specific objections. It agreed with Mr. Thames that the amount of fees should be reduced by $2,550 for the time billed by Evanston's attorneys, who were located in Oklahoma City, to travel to trial and hearings in Tulsa. The court explained that "there was no need to hire counsel outside the Northern District" and, therefore, "costs associated with travel time [were] not justified." Nos. 16-5051 & 16-5054, Aplt. App. at A238. This reduced the base sum requested to $100,486.

The district court noted that Mr. Thames's main objection to Evanston's request for attorney fees centered on the total number of hours. Mr. Thames pointed out that his attorneys spent 621 hours on the case, while Evanston's attorneys spent 832 hours. The court explained that Mr. Thames had "challenged specific areas of legal work performed by Evanston's counsel" and had suggested "that the number of

lawyers working on the case—four—may have led to duplication of effort and inefficiency for which Thames should not be held responsible." *Id.* at A239.

The district court then stated:

> From an overall review of the time records, it appears to the Court that more hours than reasonable were expended on particular projects: research regarding removal, client communication, summary judgment briefing and the search for an expert witness, for example. Clearly, there was some duplication of effort or inefficiency in the case; however, in general, the Court cannot fault Evanston's counsel for the way that they have defended the case. The Court also notes that Evanston's lawyers have already exercised a degree of billing judgment by deleting certain charges from their bills to the client.

*Id.* The court concluded: "After reviewing the billing records submitted, the Court finds that a general reduction of 12 percent is appropriate to compensate for excessive hours and inefficiencies. This results in a net award to Evanston of $88,427.68." *Id.*

On appeal, Mr. Thames argues that, although "[t]he district court acknowledged that 'more hours than reasonable were expended on certain projects,'" the court relied on cases from other jurisdictions to determine "that it did not have to conduct a line-by-line analysis of Evanston's bills and that it could arbitrarily pick a percentage by which to reduce Evanston's application." Aplt. Corrected Br. in Chief at 7. Mr. Thames asserts the fee award should be reversed and remanded because the district court abused its discretion by not following Oklahoma precedent.

On cross-appeal, Evanston argues the district court improperly deducted Evanston's attorneys' travel time, abused its discretion by applying an arbitrary percentage to reduce the fees, and failed to consider the reasonableness of counsel's time in responding to Mr. Thames's and his counsel's strategic maneuvering.

Evanston further asserts that even though the percentage-reduction was improper, the district court correctly rejected Mr. Thames's line-by-line analysis of Evanston's claimed fees.

1. **Travel time**

The district court acted within its discretion when it deducted the travel time for Evanston's attorneys to get from Oklahoma City to Tulsa. The court relied on *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983), in which we explained that "because there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation is conducted should be reimbursed. Departure from this rule should be made in unusual cases only." *Id.*

Evanston argues that it should be reimbursed for its attorneys' travel time because Oklahoma firms commonly have a statewide practice, the firm reduced its hourly rate by 50% for travel time, and this practice is "similar to that approved in other circuit courts involving the cost of an out-of-state specialist's travel time." Aplee. Principal/Resp. Br. at 21. Mr. Thames responds that Evanston does not provide any evidence that its counsel is a specialist who needed to travel from Oklahoma City to Tulsa. The district court is the most familiar with this particular litigation and the attorneys who practice before the court in the Northern District. Given these circumstances, we defer to its determination.

2. **Hours expended**

We "review the district court's determination of reasonable hours for an abuse of discretion. Under this standard, we will reverse the district court only if its determination is arbitrary, capricious, whimsical, or manifestly unreasonable." *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1235 (10th Cir. 2000) (brackets and internal quotation marks omitted). Both parties argue that the district court's imposition of a 12 percent reduction was arbitrary and constituted an abuse of discretion. *See* Aplt. Corrected Br. in Chief at 5; Aplee. Principal/Resp. Br. at 22. We agree.

In its fee order, the district court relied on authority from the Second Circuit to support its decision to use a general percentage reduction. *See* Nos. 16-5051 & 16-5054, Aplt. App. at A235-36. In the Second Circuit, a district court

> is not obligated to undertake a line-by-line review of [a] fee application. It may, instead, exercise its discretion and use a percentage deduction as a practical means of trimming fat. Using this form of "rough justice," district courts in [the Second] Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications.

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (citation and internal quotation marks omitted).

This approach, however, is inconsistent with Oklahoma and Tenth Circuit law. The Oklahoma Supreme Court has explained that "the trial court should set forth with specificity the facts, and computation to support [its] award [of attorney's fees]." *Spencer*, 171 P.3d at 896 (internal quotation marks omitted).

Likewise, our court has explained that "the record ought to assure us that the district court did not eyeball the fee request and cut it down by an arbitrary percentage."

- 12 -

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (brackets and internal quotation marks omitted). In *Robinson*, we reversed the district court's decision to apply "an across-the-board cut of 45 percent in the hours claimed by the plaintiffs' attorney." *Id*. at 1280. And we recently relied on *Robinson* to reverse a fee award where a district court determined that a "'proportionality reduction' was appropriate and reduced the total amount of the [fee] request . . . by forty-five percent." *Ridgell-Boltz v. Colvin*, No. 15-1361, 2016 WL 6574001, at *5 (10th Cir. Nov. 7, 2016) (unpublished).

We note that in *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995), we held it was not an abuse of discretion for the district court to reduce the number of compensable hours by 35%. In that case, we concluded that such a reduction was appropriate because "[p]laintiffs' rather sloppy and imprecise time records failed to document adequately how plaintiffs' attorneys utilized large blocks of time." *Id*. We explained that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. (internal quotation marks omitted). But there is no indication in this case that counsel for Evanston submitted imprecise or inadequate time records so as to justify an across-the-board percentage reduction.

Although we are compelled to remand this matter to the district court for further proceedings, we cannot agree with Mr. Thames that the court must conduct a line-by-line analysis of Evanston's claimed fees. On remand, "the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." *Malloy*, 73 F.3d at 1018 (internal quotation

- 13 -

marks omitted).  But we cannot properly evaluate the district court's determination that more hours than reasonable were expended when it imposes a general 12 percent reduction that is not sufficiently tied to any factual findings.  On remand, the court must provide more specific information to support its fee award.

## III. **CONCLUSION**

In appeal No. 15-5125, we affirm the district court's judgment on the merits of the garnishment action.  In cross-appeal Nos. 16-5051 and 16-5054, we affirm the portion of the fee award deducting $2,550 from the total fees requested.  We reverse and remand the remainder of the fee award for further proceedings consistent with this decision.

With respect to the motions filed in appeal No. 15-5125, we grant Evanston's unopposed motion to strike portions of Mr. Thames's appendix because they are not part of the district court record.  We grant Mr. Thames's motion to supplement his appendix with a trial exhibit that was included in the district court record but was not contained in his original appendix.  We also grant Evanston's request to supplement the appendix with certain trial transcript excerpts, which are contained in its response to Mr. Thames's motion.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 14 -