# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2023

Lyle W. Cayce
Clerk

No. 22-40283

In the Matter of Jimie Dianne Owsley

*Debtor*,

Dale & Klein, L.L.P.,

*Appellant*,

*versus*

Jimie Dianne Owsley,

*Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CV-82

Before Richman, *Chief Judge*, and Haynes and Graves, *Circuit Judges*.

Per Curiam:*

After Jimie Owsley ("Dr. Owsley") filed for bankruptcy, the bankruptcy court authorized law firm Dale & Klein, L.L.P., to represent her

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40283

in a separate family law matter.  Dissatisfied with the bankruptcy court's fee award, Dale & Klein subsequently appealed, and the district court affirmed in part and reversed in part.  We AFFIRM the district court's order.

## I.

In 2019, Dr. Owsley filed for bankruptcy.  Shortly thereafter, she sought the bankruptcy court's permission to retain Dale & Klein to assist her with some family law matters related to her 2015 divorce, including "modification of conservatorship, terms of possession and access, and child support."  The bankruptcy court obliged.  During its representation of Dr. Owsley, Dale & Klein (1) deposed Dr. Owsley's ex-husband ("Mr. Owsley"), (2) represented Dr. Owsley in a three-day trial regarding her petition to modify the parent-child relationship, (3) memorialized the district court's ruling on Dr. Owsley's petition, and (4) helped Dr. Owsley prepare for a possible appeal of her divorce decree.

Dale & Klein subsequently submitted a fee application to the bankruptcy court under 11 U.S.C. §§ 328(a), 330(a), and 331.  In total, it requested $126,128.14 in professional fees and $1,607.79 in expenses.  Mr. Owsley objected to the fee application, and the bankruptcy court held a hearing.  The court then issued an order and opinion disallowing many of Dale & Klein's requested fees on several different grounds, ultimately awarding only $82,566.50 in professional fees and $1,607.79 in expenses. Dale & Klein appealed.  The district court affirmed in part and reversed in part, awarding Dale & Klein an additional $7,680.50 in professional fees. Dale & Klein now seeks review of the district court's order.[1]

---

[1] Though Mr. Owsley objected to the fee application, the district court concluded that Dr. Owsley is the true party in interest and the proper appellee.  Dr. Owsley waived a brief in the district court and did not submit a response brief in this court, but this "does not preclude our consideration of the merits" of Dale & Klein's appeal.  *Lefebure v.*

No. 22-40283

## II.

In reviewing the district court's decision, we apply the same standard of review to the bankruptcy court's decision as the district court applied. *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc) (internal quotation marks and citation omitted). We review a bankruptcy court's award of attorney's fees for abuse of discretion. *Id.* A bankruptcy court abuses its discretion where it "(1) applies an improper legal standard . . . or follows improper procedures in calculating the fee award," reviewed de novo, or "(2) rests its decision on findings of fact that are clearly erroneous." *Id.* at 271 (quotation omitted).

## III.

Dale & Klein contends that the district court erred by disallowing or reducing: (1) certain pre-employment fees, (2) fees for travel time, (3) fees associated with a deposition of Mr. Owsley and time spent drafting a family law order, (4) certain fees deemed "duplicative," (5) fees it claimed were beyond the scope of the employment agreement, and (6) certain "vague" or "block-billed" fees. We consider each point of error in turn.

First, Dale & Klein urges that the bankruptcy court abused its discretion by disallowing fees for unauthorized pre-employment work. Dale & Klein sought $1,995.00 in fees for work that preceded June 17, 2019, the date its authorized representation of Dr. Owsley began. To establish entitlement to these fees, Dale & Klein was required to submit a nunc pro

---

*D'Aquilla*, 15 F.4th 650, 653 (5th Cir. 2021), *cert. denied*, 14 S. Ct. 2732 (2022) (quotation omitted); *see also Setser v. United States*, 566 U.S. 231, 234 (2012) (exercising jurisdiction over an unopposed appeal of this court's affirmance of a district court's criminal sentence); *Hammett v. Woodard*, No. 22-10354, 2022 WL 17292268, at *1 (5th Cir. Nov. 29, 2022) (per curiam) (unpublished) (exercising jurisdiction over bankruptcy appeal in which no response briefs were filed).

tunc application compliant with the Local Rules of Bankruptcy Procedure of the Southern District of Texas.  Because Dale & Klein sought approval of these fees more than thirty days after its representation began, its application needed to explain (1) "why [it] was not filed earlier," (2) "why the order authorizing employment is required nunc pro tunc," and (3) "to the best of [Dale & Klein's] knowledge, how approval of the application may prejudice any parties-in-interest."  Bankr. S.D. Tex. R. 2014-1(b)(2).

Dale & Klein plainly failed to submit the requisite application.  Moreover, its only attempt to justify the requested pre-employment fees was its statement that "[u]rgent family matters required advice."  The bankruptcy court (generously) noted that this "loosely satisfies" the first prong.  However, it concluded that Dale & Klein wholly failed to satisfy Rule 2014-1(b)(2)'s other requirements.

We agree.  Dale & Klein urges that Ms. Klein (a Dale & Klein partner) also testified at the fee application hearing that she intended to seek pre-employment fees.  But even assuming her testimony constituted part of Dale & Klein's "application," it was plainly insufficient to satisfy Rule 2014-1(b)(2)'s remaining prongs.  Therefore, the bankruptcy court did not abuse its discretion in disallowing these fees.

Second, Dale & Klein argues that the bankruptcy court erred by refusing to award the firm Ms. Klein's full hourly rate for her travel to a December 2019 hearing.[2]  Yet, as the bankruptcy court noted, courts have

---

[2] The relevant fee entry, which the district court reduced by fifty percent, reads "Attend hearing on Temporary Orders & return travel (150 miles)."  Dale & Klein now clarifies—for the first time on appeal—that the round trip was actually 300 miles.  Therefore, it contends, the bankruptcy court effectively reduced the fee award by seventy-five percent, even though it intended to reduce it by only fifty percent.  Dale & Klein forfeited this argument.  *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by . . . raising it for the first time on appeal." (quotation

broad discretion over whether to compensate attorneys for travel time. *See, e.g.*, *In re Babcock & Wilcox Co.*, 526 F.3d 824, 828–29 (5th Cir. 2008) (per curiam); *Priestly v. Astrue*, 651 F.3d 410, 419 (4th Cir. 2011); *Thames v. Evanston Ins. Co.*, 665 F. App'x 716, 721–22 (10th Cir. 2016). Therefore, the bankruptcy court likewise did not abuse its discretion in disallowing these fees.

Third, Dale & Klein avers that the bankruptcy court failed to explain why it disallowed certain fees associated with its deposition of Mr. Owsley and the drafting of the family law order. To be sure, a lower court must provide a "concise but clear explanation of its reasons for [a] fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, the bankruptcy court did just that. It opined that Ms. Klein was unethical and discourteous in conducting Mr. Owsley's deposition, citing several specific examples from the deposition testimony. It similarly noted that Dale & Klein was extremely uncooperative with opposing counsel during the drafting of the family law order. As the bankruptcy court explained, the state court's instruction to the parties was simple—they were to draft a "regular [] order with regular language." Yet, despite that instruction, the parties' disagreements resulted in them exchanging *fourteen* drafts of the order and appearing before the court two additional times.

Though these facts speak for themselves, the bankruptcy court clearly articulated why such conduct rendered the requested fees excessive: (1) unethical behavior "diminishe[s] the value" of a law firm's services, and

---

omitted)); *see also In re IFS Fin. Corp.*, 803 F.3d 195, 204 n.13 (5th Cir. 2015) (noting that we will not "review an issue presented for the first time on appeal of a bankruptcy court's decision" (quotation omitted)). Regardless, even a seventy-five percent reduction still wouldn't constitute an abuse of discretion because Dale & Klein never clarified that it only sought half of Ms. Klein's travel time. *In re Evangeline Ref. Co.*, 890 F.2d 1312, 1326 (5th Cir. 1989) ("The applicant bears the burden of proof in a fee application case.").

No. 22-40283

(2) such incivility "unnecessarily and excessively expanded the number of hours Dale & Klein billed."

Dale & Klein's only response is that the bankruptcy court gave short shrift to the complexity and idiosyncrasies of these matters. But our precedent generally bars us from second-guessing such factual findings. *See In re Cahill*, 428 F.3d 536, 542 (5th Cir. 2005) (per curiam). Moreover, Dale & Klein not only fails to *counter* the conclusion that the parties' disagreements prolonged proceedings—it concedes this. Accordingly, the bankruptcy court did not err in disallowing and reducing fees associated with these matters.

Fourth, Dale & Klein contends that the bankruptcy court erred by disallowing certain fees it deemed "duplicative." The firm first asserts that the court failed to explain *why* it deemed these entries repetitive. We disagree. The bankruptcy court's opinion includes an appendix that identifies each disallowed fee entry and references the other entry it duplicates.[3] This suffices as the "concise but clear explanation" required. *Hensley*, 461 U.S. at 437.

Additionally, Dale & Klein avers that the bankruptcy court misidentified certain pairs of entries as duplicative which actually refer to distinct activities. We agree that it's *possible* that some entries could refer to different iterations of a single "type" of task. However, given the court's particularized assessments and the vagueness of the relevant entries,[4] we

---

[3] The district court subsequently identified a few small errors in this appendix and the subsequent calculation, which it corrected.

[4] For instance, the challenged entries feature non-specific descriptions like "[c]orrespondence to [client]" and "[r]eviewed signed outgoing discovery."

cannot agree that it clearly erred in excluding these "duplications." *See Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 768 (5th Cir. 1996).

Fifth, Dale & Klein contends that the bankruptcy court erred by disallowing certain billing entries based on the court's mistaken assumption that they related to a possible appeal. In the district court, Dale & Klein urged that the bankruptcy court incorrectly concluded that the appeal wasn't within the scope of the firm's authorized representation. Here, however, Dale & Klein seems to have realized that the disallowed fee entries correspond to its preparation for the trial on the petition for modification of the parent-child relationship—which plainly *was* within the scope of the employment order. Even assuming this argument has merit, Dale & Klein forfeited it by failing to raise it below. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *In re IFS Fin. Corp.*, 803 F.3d 195, 204 n.13 (5th Cir. 2015).

Finally, Dale & Klein urges that the bankruptcy court abused its discretion by disallowing certain entries because they were too "vague" or "block-billed." Notably, Dale & Klein does not contest the appropriateness of reducing fees on these bases. Rather, it simply contends that the relevant entries *were not* vague or block-billed. Based on our review of the relevant entries, we conclude that these factual findings were not clearly erroneous.

## IV.

In sum, the bankruptcy court did not abuse its discretion in disallowing the relevant requested fees. The district court's judgment is AFFIRMED.