**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EVENT SECURITY, LLC,

    Plaintiff - Appellant,

and

CHARLESETTA REDD, individually and
as personal representative of the estate of
Brian Simms, Jr., deceased,

    Third-Party Plaintiff - Appellant,

v.

ESSEX INSURANCE COMPANY,

    Defendant - Appellee.

No. 17-6073
(D.C. No. 5:16-CV-01300-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Plaintiff Event Security, LLC (Security) and third-party plaintiff Charlesetta

Redd, individually and as personal representative of the estate of Brian Simms, Jr.

(Redd), sued defendant Essex Insurance Company (Essex), for a declaratory

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment requiring Essex to defend and indemnify Security under a liability-insurance policy in a suit by Redd against Security and others arising from the shooting death of Simms. The district court dismissed the suit with prejudice under Fed. R. Civ. P. 12(b)(6), concluding that the policy excluded coverage for the claims asserted against Security in the underlying suit. The court also denied Security and Redd's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Security and Redd appeal.[1] We affirm.

### Background

Security was hired to provide private security for a July 2013 concert at the Farmer's Market in Oklahoma City. In turn, Security hired Paul Galyon, an Oklahoma City police officer, to work off-duty as a security officer at the event. Redd's second amended complaint in the underlying lawsuit alleges that Simms was sleeping in a friend's car in the parking lot when Galyon and another off-duty police officer working as a security officer approached him. "[S]hortly after initiating contact with [Simms], . . . Galyon opened fire and shot [him] at least twelve (12) times." Aplt. App. at 22. According to Galyon and the other off-duty police officer, Simms "had a gun on his lap or in his waistband." *Id*. at 21.

---

[1] In the district court, Essex argued that Redd could not bring a direct action against it as the insurer because she is not a party to the insurance policy. The court did not decide this issue, reasoning that because "there is no coverage in the policy, it is unnecessary to determine whether or not Third-Party Plaintiff Redd could have successfully or properly pursued her declaratory judgment claim." Aplt. App. at 78. We likewise do not address the issue because it "has no bearing on the ultimate outcome of [the] case." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1154 (10th Cir. 2005).

Redd alleged that Security was "negligent in failing to properly train and supervise [its] employees, including . . . Galyon, such as to avoid the use of excessive force and prevent the . . . assault or other harm to . . . [Simms]," *id*. at 32, and that its failure to properly train and supervise Galyon was "grossly negligent and done with reckless disregard for the rights and safety of" Simms, *id*. at 33-34. Redd further alleged that Security was part of a joint venture with Oklahoma City and others, making it responsible under 42 U.S.C. § 1983 for Galyon's use of excessive force and the concomitant violation of Simms's constitutional rights.

Security and Redd seek coverage for Security under a liability insurance policy issued by Essex. The liability policy, however, excludes coverage for claims of assault or battery:

> The coverage under this policy does not apply to "bodily injury" . . . arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any insured, insured's "employees", patrons or other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision.

*Id*. at 11.

Also, the policy establishes that Essex has no duty to defend under the liability policy "against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance [policy] does not apply." *Id*. at 10.

The district court concluded that this exclusion applied,[2] meaning that Essex was not obliged to indemnify Security or provide a defense. Further, the court dismissed the suit with prejudice "[b]ecause no amendment of the pleadings could establish coverage under the policy." *Id*. at 79. The court also denied the motion to reconsider under Rule 59(e) on the grounds that it was "nothing more than repetition of arguments raised by [Security and Redd] and rejected by the Court." *Id*. at 91.

*Analysis*

The district court had diversity jurisdiction under 28 U.S.C. § 1332. Because the district court found that "no amendment of the pleadings could establish coverage under the policy," and dismissed Security's and Redd's complaint with prejudice, we have jurisdiction over the appeal under 28 U.S.C. § 1291.

"We review a district court's dismissal under . . . Rule . . . 12(b)(6) de novo." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). "A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Id*. (brackets and internal quotation marks omitted).

"A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the

---

[2] Essex also argued that Simms's bodily injuries were not the result of an "occurrence" as defined by the liability policy, meaning that it had no duty to indemnify or defend. Essex further argued that the policy excludes damages for bodily injury arising from the use of firearms. The district court found "the assault and/or battery exclusion dispositive of the issue." Aplt. App. at 77. We agree, so we do not address the further arguments raised by Essex in the district court and in this court on appeal.

4

objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (internal quotation marks omitted). To achieve this result, "we are obligated to apply Oklahoma law as announced by that state's highest court." *Id*. (internal quotation marks omitted).

The Oklahoma Supreme Court has held that "[i]nsurance policies are contracts[] interpreted as a matter of law." *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co*., 148 P.3d 832, 835 (Okla. 2005). "When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning." *Id*.

Security and Redd argue that the district court "failed to acknowledge Redd's allegations in the [second amended complaint] for negligence and gross negligence." Aplt. Opening Br. at 16. We disagree. Redd's claims against Security were for its alleged negligence and gross negligence in failing to properly train or supervise Galyon—claims excluded under the liability policy. Next, they suggest that the shooting was an accident—not a battery. *See id*. at 19-20. For a civil battery, Oklahoma Uniform Civil Jury Instruction No. 19.6 requires that a defendant intend to make harmful or offensive contact with the plaintiff, and does make that contact. When Galyon fired his gun, he intended to shoot Simms. The liability policy excludes battery from coverage.

Neither Security nor Redd explain how the district court erred in its order denying their motion to alter or amend the judgment under Rule 59(e). As such, the issue is waived. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (holding issues designated for review appeal are lost when a party fails to argue them).

5

The judgment of the district court is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge