FILED
United States Court of Appeals
Tenth Circuit

June 27, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJY D. SMITH,

    Plaintiff - Appellant,

v.

THE BURLINGTON INSURANCE
COMPANY,

    Defendant - Appellee.

No. 18-5040
(D.C. No. 4:17-CV-00058-JHP-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Benjy Smith appeals the grant of summary judgment to the Burlington

Insurance Company in this insurance-coverage dispute. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Smith owns and operates a courier service and a security service. In 2015 one

of his armed security guards allegedly shot Monroe Bird III while on duty at a Tulsa,

Oklahoma, apartment complex. Bird later died from his injuries. Bird's mother,

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Zondra Magness, brought a wrongful-death action against Smith d/b/a Smith and Son Security for negligent hiring, retention, and supervision of the security guard (the Magness Action).

At the time of the shooting, Smith had a commercial general-liability policy with Burlington (the Policy) that provided, in relevant part: "[Burlington] will pay those sums that the *insured* becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  App. Vol. 2 at 259 (emphasis added).  *Insured* was defined in Section II of the Policy by reference to the policy Declarations:

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

*Id.* at 267.  In the Declarations, "Benjy D. Smith" was listed as the "Named Insured," his "Form of Business" was designated as "Individual," and his business was described as "Courier Service."  *Id.* at 236.

After Burlington denied coverage for the Magness Action, Smith filed suit in Oklahoma state court seeking a declaration that Burlington had a duty under the Policy to defend and indemnify him and reimburse his defense costs in the Magness Action.  Burlington removed the case to federal district court under diversity jurisdiction.  The parties filed cross-motions for summary judgment.  Burlington argued, in part, that the parties intended the Policy to cover Smith with regard to only his courier-service business, the only business described in the policy Declarations.

2

The district court agreed with Burlington. It concluded that the plain language of the Policy unambiguously covered only Smith's courier business.

We review the district court's summary judgment ruling de novo, applying the same legal standard that the district court is to apply. *See Yaffe Cos. v. Great Am. Ins. Co.*, 499 F.3d 1182, 1185 (10th Cir. 2007). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because this is a diversity action, we apply the substantive law of the forum state, in this case Oklahoma. *See Yaffe*, 499 F.3d at 1185.

The law governing the interpretation of insurance contracts is well-settled in Oklahoma:

> Parties are at liberty to contract for insurance to cover such risks as they see fit and they are bound by terms of the contract . . . . [T]he cardinal rule in contract interpretation is to determine and give effect to the intent of the parties. When policy provisions are clear, consistent, and unambiguous, [courts] look to the plain and ordinary meaning of the policy language to determine and give effect to the parties' intent.
>
> When the language is susceptible to two constructions before applying the rules of construction, the policy is ambiguous. However, neither forced nor strained construction will be indulged, nor will any provision be taken out of context and narrowly focused upon to create and then construe an ambiguity so as to import a more favorable consideration to either party than that expressed in the contract.

*Porter v. Okla. Farm Bureau Mut. Ins. Co.*, 330 P.3d 511, 515 (Okla. 2014) (brackets, citations, and internal quotation marks omitted). "The policy is read as a whole, giving the words and terms their ordinary meaning [and] enforcing each part

3

thereof." *B.P. Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005).

Reading Section II and the Declarations together so as to give effect to each, we agree with the district court that the Policy is unambiguous: Smith was the insured, but only with respect to the conduct of a business (not his personal conduct), and that business was his courier service.[1] Accordingly, we affirm for substantially the same reasons articulated by the district court in its thorough and well-reasoned decision granting summary judgment to Burlington.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1] Because the Policy is unambiguous, we do not consider any of the extrinsic evidence Burlington offered to support its interpretation. *See Lum v. Lee Way Motor Freight, Inc.*, 757 P.2d 810, 815 (Okla. 1987) (consideration of extrinsic evidence is not proper unless the policy is ambiguous).